Opinion
PERREN, J.
Facts[1]
On November 9, 1982, appellant was charged in a three-count complaint with various violations of the Public Utilities Code involving the unsafe operation of aircraft. On January 17, 1983, following a jury trial, appellant was convicted as charged.
In the late evening hours of August 24, 1982, an airplane operated by appellant flew approximately 20 feet above, and apparently at, a party of some 20 to 25 people gathered around a bonfire on a beach in the City of Ventura. On the plane’s approach, the celebrants ducked or dove for cover. The plane circled the area once and returned at a similarly low level. Appellant then departed the area only to again return, this time heading straight at the people on the beach and toward the homes located landward from the surf line. On yet a fourth pass the plane followed its pattern of the third, missing a home by but some 10 or 15 feet. One witness testified that the plane appeared to be pursuing him, coming within 10 feet of him as he fled the area. Yet another witness testified that he was looking down upon the plane from the second story of his home as it passed by within 15 to 20 feet. He estimated its speed to be approximately 100 miles per hour. The plane was later reported as flying below the rooftop level of several buildings in the downtown Ventura area and, still later, at an Oxnard hospital causing a witness on the hospital roof to dive for cover. It is sufficient to state that the many witnesses called from the Ventura beach and downtown areas, and from the Oxnard area each described the flight of the plane as extremely dangerous and reckless.
In all particulars we affirm the judgment.
Jurisdiction
Appellant contends that the State Aeronautics Act (Pub. Util. Code, §21001 et seq.) convictions are invalid because each constitutes an im *Supp. 38 proper delegation of legislative power, citing Sandstrom v. Cal. Horseracing Board (1948) 31 Cal.2d 401, 412 [189 P.2d 17, 3 A.L.R.2d 90], Although the general principle of Sandstrom may well continue, a fair reading of the authorities discussing the right of the Legislature to “delegate” demonstrates the invalidity of appellant’s argument.
While it is true the Legislature must itself effectively resolve truly fundamental issues by the laws it enacts (Kugler v. Yocum (1968) 69 Cal.2d 371, 376 [71 Cal.Rptr. 687, 445 P.2d 303]) the modern rule provides that this doctrine is not violated, “. . . if the Legislature makes the fundamental policy decisions and leaves to some other body, public or private, the task of achieving the goals envisioned in the legislation. ...” (Italics added.) People ex rel. Younger v. County of El Dorado (1971) 5 Cal.3d 480, 507 [96 Cal.Rptr. 553, 487 P.2d 1193]; People v. Wright (1982) 30 Cal.3d 705, 712-713 [180 Cal.Rptr. 196, 639 P.2d 267], Aside from this, the only clear limitation on the authority of the Legislature to delegate is that it may not delegate the power to prescribe penalties for violations of prohibited conduct. People ex rel. Younger v. County of El Dorado, supra, 5 Cal.3d at page 496. By enacting Public Utilities Code section 21019, the Legislature has reserved the authority to prescribe punishment for violations of the Aeronautics Act.[2]
The statutes at issue in this action do not run afoul of the general prohibition against legislative delegation. Chapter 3 of division 9 of the Public Utilities Code (the State Aeronautics Act) establishes an overall plan by which the Legislature has set goals and made fundamental policy decisions as required by California Constitution, article III, section 3. The incorporation by reference of federal law (the delegation) in each of the statutes of which appellant complains is but the spelling out of details following the legislative declaration of its policy and goals. Specifically:
1. Public Utilities Code section 21403, subdivision (a) provides, in pertinent part, “Flight in aircraft over the land and waters of this state is lawful, unless at altitudes below those prescribed by federal authority. . . .”[3] Here, the legislative mandate is against low altitude flying.
2. Public Utilities Code section 21407 provides, in pertinent part, “It is unlawful for any person to operate an aircraft in the air ... in a careless *Supp. 39 or reckless manner so as to endanger the life or property of another.”[4] Here, the legislative mandate is against reckless flying.
3. Public Utilities Code section 21409 makes it unlawful to engage in aeronautics as an airman in the state unless properly licensed under federal law. Here the legislative mandate is against unlicensed flight.
Each of these sections evidences an overall legislative regulatory plan which, in part, incorporates reference to federal law to regulate and, where appropriate, punish unlawful aviation practices. We hold, therefore, that to the extent that reference to federal law is a “delegation” it is lawful under the doctrine that only the details of the task for achieving the goal and not the fundamental legislative policy have been delegated. People ex rel. Younger v. County of El Dorado, supra, 5 Cal.3d 408, 507.
Appellant then urges this court that each of the statutes are void since they are in violation of the federal supremacy clause[5] and seek to legislate in an area where there is a comprehensive federal scheme to regulate and control aviation.[6] We disagree.
For over 35 years the State Aeronautics Act has regulated and controlled intrastate aviation. In this time no cases have been decided in California concerning the issue raised by appellant. Indeed, throughout the United States there has been but one reported case that purports to deal with the issue.[7]
In Ward v. State (1977) 280 Md. 485 [374 A.2d 1118, 89 A.L.R.3d 874], the statute under attack made it a crime, “. . . to operate an aircraft in the air, or on the ground or water, while under the influence of intoxicating liquor, narcotics, or other habit-forming drug, or . . . in a careless or reckless manner so as to endanger the life or property of another.” (Art. 1A, § 10-1002 Maryland Aviation Act.)[8] As in this case, the appellant in Ward claimed that Maryland was precluded from prosecuting him because the state law proscribing his conduct was preempted by federal law. (Ward at p. 487.)
*Supp. 40 In a thorough and scholarly examination of the purposes of the federal statute and in its consideration of whether or not the federal legislation preempted the field, the Maryland court concluded, “. . . we do not see how prohibiting, for a limited time, the operation of an aircraft within Maryland by a person who has been found guilty in a court of law of operating an aircraft in a careless or reckless manner so as to endanger the life or property of another could be said to stand as an obstacle to the Congressional purposes and objectives.” (Ward at p. 498.)
The court continued, “In short, it was the clear intent of Congress that criminal prosecution of the proscribed conduct be left with the states, and there is no conflict within the contemplation of the doctrine of preemption between the State and federal laws.”[9] (Ward at p. 499.) As perceived by the court in Ward, the federal aviation program established a comprehensive scheme for the safe and efficient use of the nation’s airspace. The federal scheme, however, did not include the criminal prosecution of a person who operated an aircraft in a careless or reckless manner so as to endanger the life or property of another. (Ward at p. 493.) We therefore hold, as did the court in Ward, that the federal statutory scheme does not preempt the field. The state has the right to impose criminal sanctions for the unlawful operation of aircraft above its land and waters.
Disposition
In all particulars, the judgment of the trial court . . . [is] affirmed.
Peck, P. J., and Soares, J., concurred.

Only the facts and law pertaining to the jurisdiction of the state court to hear the action in Crim. A No. 1729 are published. Rule 976.1 California Rules of Court.

“Any person violating any provisions of this part ... is punishable by a fine of not more than One Thousand Dollars ($1000) or by imprisonment of not more than six months, or both.” It is notable that the federal legislation does not purport to deal with punishment in these areas. (See 49 U.S.C. §§ 1471-1472 and the specific exemption of 49 U.S.C. § 1472(a).)

This is but part of the statute. It is, however, the only portion upon which the jury was instructed.

Although the statute goes on to provide for nonexclusive criteria by which such carelessness or recklessness may be judged, the violation is complete without reference to any other statute and is complete in itself without a delegation. The appellant’s argument is, therefore, wholly inapplicable to this action.

United States Constitution, article VI.

 49 United States Code, section 1421 (see fn. 2, ante.).

See also Annotation, Validity, Construction and Application of State Criminal Statute Prohibiting Reckless Operation of Aircraft (1979) 89 A.L.R.3d 893.

This statute is virtually identical (for our purposes) to Public Utilities Code sections 21407 and 21407.5.

Ward also held, as do we, that the language of delegation contained in the Maryland statute was constitutional.