**In re AIR CRASH DISASTER AT STAPLETON INTERNATIONAL AIRPORT, DENVER, COLORADO, ON NOVEMBER 15, 1987.**

**MDL No. 751.**

United States District Court,
D. Colorado.

Dec. 23, 1988.

ORDER MDL 751-24

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND DISMISSAL

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on motions of defendants Continental Airlines,

Inc. and Texas Air Corp. ("Continental") for summary judgment or dismissal of punitive damage claims and for dismissal of claims under the Texas Deceptive Trade Practices–Consumer Protection Act. This multidistrict litigation involves claims arising out of the crash of Continental Airlines Flight 1713 on November 15, 1987 at Stapleton International Airport in Denver, Colorado. In two motions for summary judgment on punitive damages claims, filed November 25, 1988, Continental contends that (1) federal statutes and regulations regarding interstate air traffic and commercial air carriers preempt state regulation of aircraft safety through tort claims for punitive damages, and (2) federal certification and regulation of its practices and procedures prevents a finding of liability under Texas punitive damage statutes as a matter of law. In two motions to dismiss certain claims, filed September 22 and December 7, 1988, Continental contends (1) constitutional and common law choice of law principles preclude plaintiffs from maintaining claims under the Texas Deceptive Trade Practices–Consumer Protection Act against Continental, and (2) Texas punitive damage law violates the due process and excessive fines clauses of the Fifth, Sixth and Eighth Amendments of the United States Constitution. We have considered the motions and the briefs of the parties. The motions are DENIED.

## I.

■ Continental has raised the affirmative defense of preemption improperly through its motion for summary judgment. Rule 8(c) of the Federal Rules of Civil Procedure requires a defendant to include any avoidance claimed as an affirmative defense in its answer. The policy supporting the Rule is that of providing a plaintiff with notice, well before trial, that a defendant intends to present a defense in the nature of avoidance. *Hardin v. Manitowoc Forsythe Corp.*, 691 F.2d 449, 458 (10th Cir.1982). Preemption and compliance with regulations are defenses in the nature of avoidance which falls within the realm of Rule 8(c). *Dueringer v. General American Life Ins. Co.*, 842 F.2d 127, 130 (5th Cir.1988); *Quigley v. Exxon Company U.S.A.*, 376 F.Supp. 342, 356 (M.D.Pa.1974).

Although we granted Continental leave to file motions dispositive of punitive damage issues out of time, pending resolution of choice of law questions on those issues, the affirmative defense of preemption did not rest on the resolution of those questions. The standard answer Continental filed in each of the cases in this litigation included the assertion of two affirmative defenses to punitive damage claims which, like preemption, could be plead regardless of the resolution of choice of law questions.[1] By raising two new affirmative defenses shortly before trial without seeking leave of the court to amend its answer, Continental has clearly violated the express provision and policy of Rule 8(c).

Plaintiffs were afforded sufficient notice of the defense through the motion for summary judgment to prepare substantial responses. Subsequent to the filing of plaintiffs' response, Continental filed two motions to amend its answer to assert these affirmative defenses. Where amendment out of time does not prejudice the plaintiff, Rule 15 of the Federal Rules of Civil Procedure permits amendment of an answer with leave of the court if justice so requires. Accordingly, to determine the necessity of amendment, and to avoid disposing of substantial legal questions on mere technicalities of pleading rules, we have considered the substance of the issues briefed by the

---

**1.** Choice of law questions arise when a case involves parties having contact with two or more states. Air crash litigation frequently requires a court to determine which state has a more significant interest to the parties or occurrence at issue. In this case, the interested states apply significantly different law on issues of punitive damages. Certain defenses that Continental could assert under Colorado law, for example, that punitive damages are not available in wrongful death actions, are not available under Texas law. Accordingly, Continental need not have plead these defenses until the court determined the applicability of Colorado law. We found that Texas law controls the issue. *See* Order, *In re Air Crash Disaster at Stapleton International Airport, Denver, Colorado on November 15, 1987,* 720 F.Supp. 1445 (D.Colo.1988).

parties. *See International Longshoremen's Assn. v. Davis,* 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986) (affirming judgment against movant over preemption objections although state court failed to reach merits because defense waived under *similar state rule).*

## II.

■ Regulation of the conduct of commercial air carriers through the Federal Aviation Act and regulations promulgated thereunder does not preempt traditional tort remedies which have the effect of regulating that same conduct. *Nader v. Allegheny Airlines,* 426 U.S. 290, 298–300, 96 S.Ct. 1978, 1984–85, 48 L.Ed.2d 643 (1975) (deceptive trade practices claims coexist with Civil Aeronautics Board regulation of air carrier advertising); *In re Air Crash Disaster at John Kennedy International Airport,* 635 F.2d 67, 74 (2d Cir.1980) (state remedy for reckless operation of an aircraft not preempted); *Rosdail v. Western Aviation, Inc.,* 297 F.Supp. 681, 684–85 (D.Colo.1969) (state remedies for personal injury not preempted); *Elsworth v. Beech Aircraft Corp.,* 37 Cal.3d 540, 208 Cal. Rptr. 874, 879, 691 P.2d 630, 634–35 (1984) (federal regulation does not implicitly preempt state damage actions for conduct inconsistent with regulations); *see also People v. Valenti,* 153 Cal.App.3d Supp. 35, 200 Cal.Rptr. 862, 865 (1984) (criminal statute on reckless operation of an aircraft not preempted); *Ward v. State,* 280 Md. 485, 374 A.2d 1118, 1122 (1977) (similar criminal regulation of conduct not preempted). Each of these cases focuses on the "savings" clause included in the statute which states:

> Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.

49 U.S.C.App. Sec. 1506. The provision remained untouched by the substantial revisions enacted by Congress in 1978 as part of airline deregulation. *See* 49 U.S.C.A. App. Sec. 1301 (Supp.1988).

■ In *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 255, 104 S.Ct. 615, 625, 78 L.Ed.2d 443 (1984), the Supreme Court held that even where federal statutes, regulations and agencies closely regulate conduct in interstate commerce, "[p]unitive damages have long been a part of traditional state tort law," law that is preserved by a savings clause. *See Palmer v. Liggett Group, Inc.,* 825 F.2d 620, 625 (1st Cir. 1987).[2] In such cases, the presumption against preemption which normally attaches to traditional state regulation of health and safety can only be defeated by clear indications in the statute or legislative history that Congress specifically intended to limit state tort liability to actions for compensatory damages. *Silkwood,* 464 U.S. at 255, 104 S.Ct. at 625; *see also Integrity Management Int'l, Inc. v. Tombs & Sons,* 836 F.2d 485, 491 (10th Cir.1987) (Supremacy Clause preemption analysis begins with the presumption that Congress did not intend to preempt traditional areas of state regulation). We have considered and reject Continental's contention that various provisions of the Federal Aviation Act overcome this presumption. *See Silkwood,* 464 U.S. 238, 104 S.Ct. 615 (punitive damage award against federally regulated and licensed plutonium plant). Federal law does not preempt the state law claims for punitive damages at issue in this litigation.

■ In its second motion for summary judgment, Continental contends that because federal agencies had certified various operations and procedures involved in this litigation, it is "physically impossible" that Continental could have acted with the reckless indifference to passenger safety necessary to support a finding of liability for

---

**2.** Continental first addressed the *Silkwood* case in its reply brief in support of the motion, arguing that "plaintiffs—like the majority in *Silkwood*—fail to recognize [the differences between punitive damages and traditional tort law remedies]." Continental's reply brief is an admission that its motion urges the court to adopt

the dissenting opinion in *Silkwood.* Failure to include authority directly adverse to positions taken in a motion to depart from existing law comport with an attorney's duty of candor. Colorado Code of Professional Responsibility, EC 7–23.

punitive damages. Compliance with regulations does not establish as a matter of law that a party is not liable for traditional tort law remedies. *Silkwood v. Kerr–McGee Corp.*, 769 F.2d 1451, 1457–58 (10th Cir.1985) (after remand); *O'Gilvie v. International Playtex, Inc.*, 821 F.2d 1438, 1446 (10th Cir.1987). Furthermore, plaintiffs' response includes evidence raising genuine issues of material fact as to Continental's compliance with federal regulations and its application of certified procedures applicable to the circumstances of this case. Where the non-moving party demonstrates the existence of genuine issues of material fact, summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure is inappropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *see also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Accordingly, Continental's motions for summary judgment on punitive damage claims are DENIED.

### III.

Continental's motion to dismiss claims under the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA") raises many of the choice of law issues addressed in our order holding that Texas law applies to issues of punitive damages in this litigation. Order, *In re Air Crash Disaster at Stapleton International Airport, Denver, Colorado on November 15, 1987*, 720 F.Supp. 1445 (D.Colo.1988). Plaintiff has alleged sufficient contacts and conduct within the state of Texas to state a claim under the DTPA. *See Reed v. Israel National Oil Co., Ltd.*, 681 S.W.2d 228, 239 (Tex.App.1984). Application of the statute to the conduct alleged does not violate the significant contacts requirements of the Due Process Clause nor offend the interstate commerce principles of the Commerce Clause of the United States Constitution. *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981); *Brown–Forman Distillers v. New York State Liquor Authority*, 476 U.S. 573, 106 S.Ct. 2080, 90 L.Ed.2d 552 (1986). On the issues raised in Continental's motion to dismiss, the motion is DENIED.

We remain concerned, however, over the applicability of the Texas statute to injuries alleged in this litigation. As directed at the Status Conference November 28, 1988, plaintiffs should be prepared to make an offer of proof, prior to the commencement of trial January 9, 1988, on their claims and legal theories under the DTPA.

Continental's motion to dismiss plaintiff's punitive damage claims raises constitutional challenges to Texas statutory and common law. The motion addresses issues raised in recent Supreme Court opinions and legal scholarship. *See, e.g., Bankers Life and Casualty Co. v. Crenshaw*, 486 U.S. 71, 108 S.Ct. 1645, 1656, 100 L.Ed.2d 62 (1988) (O'Connor and Scalia, JJ., concurring), 108 S.Ct. at 1650 (Marshall, J.) (concurring); *Aetna Life Insurance Co. v. Lavoie*, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986). Federal law requires the court to notify the Attorney General of the State of Texas that its punitive damage law has been challenged as unconstitutional and to allow Texas to intervene in this action as it relates to that challenge. 28 U.S.C. § 2403.[3] The filing of Continental's motion within days of trial has frustrated the ability of the State of Texas to meaningfully defend the constitutionality of its statute. Because Continental seeks an extension of current law and offers no case authority which would compel dismissal of the punitive damage claims at this time, the motion is denied.

IT IS HEREBY ORDERED that defendants' Motion to Amend Answer to Add Affirmative Defenses, filed December 6, 1988, and Second Motion to Amend Answer

---

3. Our Local Rules of Practice further require that a party challenging the constitutionality of state law must file proof that the attorney general of the state has been served with a copy of the pleading. *See* Rule 406(B) of the Local Rules of Practice for the District of Colorado. Continental has made no such certification.

to Add Affirmative Defenses, filed December 7, 1988, are GRANTED; it is further

ORDERED that defendants' Request for Permission to File Reply Brief, filed December 20, 1988, is GRANTED; it is further

ORDERED that plaintiffs' Motion to Allow Filing of Brief in Opposition, filed December 16, 1988, is GRANTED;

ORDERED that defendants' Motion for Summary Judgment on Punitive Damages: Federal Preemption, filed November 25, 1988, is DENIED; it is further

ORDERED that defendants' Motion for Summary Judgment on Punitive Damage Claims: Compliance with Regulations, filed November 25, 1988, is DENIED; it is further

ORDERED that defendants' Motion to Dismiss Texas Deceptive Trade Practices Claims, filed September 22, 1988, is DENIED; it is further

ORDERED that defendants' Motion to Dismiss Punitive Damage Claims Under Texas Law as Unconstitutional, filed December 7, 1988, is DENIED.

The court may expand on this order at a later date.