**In re AIR CRASH AT CHARLOTTE, NORTH CAROLINA ON JULY 2, 1994.**

**MDL No. 1041.**

United States District Court, D. South Carolina, Columbia Division.

Sept. 25, 1996.

**1057**

## ORDER DENYING USAIR'S MOTION TO DISMISS PUNITIVE DAMAGES BASED UPON PREEMPTION

JOSEPH F. ANDERSON, Jr., District Judge.

On July 2, 1994, USAir Flight 1016 departed from Columbia, South Carolina for Charlotte, North Carolina, on a regularly scheduled passenger flight. Shortly after the flight crew executed a missed approach procedure at the Charlotte/Douglas International Airport, the aircraft collided with trees and a private residence. The aircraft, a Douglas DC–9–31 was destroyed in the accident. The flight's captain and one flight attendant received minor injuries. The first officer, two flight attendants, and 15 passengers sustained serious injuries. The remaining 37 passengers died in the crash.

The plaintiffs in the actions consolidated before this court have asserted claims for punitive damages alleging inadequacies in USAir's flight crew training and maintenance programs as well as in the operation of the plane at the time of the crash. For purposes of this motion, the court accepts that USAir's training and maintenance programs were operated pursuant to 14 C.F.R. § 121.1 et seq. and were approved by the Federal Aviation Administration.

Presently before the court is USAir's motion to dismiss all claims for punitive damages based on federal preemption. The court heard oral argument on the motion on September 16, 1996. At the conclusion of the hearing, the court took the motion under advisement. For the reasons stated below, the court will deny the motion.

The doctrine of preemption has its roots in the Supremacy Clause, United States Constitution, Art. VI, Cl. 2. In general terms, the doctrine dictates that federal law is the "supreme law of the land," rendering invalid any state law which interferes with or is contrary to a valid federal law. Preemption may be either express or implied, and "is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure." *See, e.g., Fidelity Federal S & L Ass'n v. de la Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014,

James Wilton Orr, Bowers, Orr & Dougall, Columbia, SC, Lawrence Edward Richter, Jr., The Richter Firm, P.A., Mt. Pleasant, SC, William Parham Simpson, Haynesworth, Marion, McKay & Gureard, Columbia, SC, Michael L. Baum, Kannanack, Murgatroyd, Baum & Hedlund, Los Angeles, CA, Frank H. Granito, Speiser, Krause, Madole & Nolan, New York City, Marc Moller, Kreindler & Kreindler, New York City, David E. Rapoport, Rapoport & Kupets Law Offices, Rosemont, IL, for Plaintiff(Plaintiff's Steering Committee).

Mark A. Dombroff, Tom Almy, Dornbroff and Gilmore, Washington, DC, Edward Wade Mullins, Jr., Nelson, Mullins, Riley & Scarborough, Charleston, SC, for Defendant USAir.

Patrick E. Bradley, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, DC, for Defendant U.S.

Marc Moller, Lori B. Lasson, Kreindler & Kreindler, New York City, for Plaintiff's Counsel.

3022, 73 L.Ed.2d 664 (1982); *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977).

The Supremacy Clause enables Congress to address problems of national dimension by enacting exclusive, comprehensive federal legislation supplanting and barring similar state authority. The preemption doctrine has long been recognized as essential to the preservation of paramount federal authority in those areas where Congress has chosen to specifically preclude state regulation or to occupy a given field. *Lockheed Air Terminal, Inc. v. City of Burbank*, 457 F.2d 667 (9th Cir.1972), *aff'd*, 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973).

■ The courts have identified three separate means by which Congress may preempt state law. *See O'Carroll v. American Airlines, Inc.*, 863 F.2d 11 (5th Cir.1989). First, Congress may expressly state that state law has been preempted. *Shaw v. Delta Air Lines*, 463 U.S. 85, 95, 103 S.Ct. 2890, 2898–99, 77 L.Ed.2d 490 (1983). Second, the pervasiveness of the federal regulatory scheme may imply congressional intent to preempt state law in a particular area. *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947). Third, if state laws interfere with the achievement of a congressional objective, the specific provision which creates the conflict will be preempted even though state law is not displaced in its entirety. *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); *Hines v. Davidowitz*, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941). In its current motion, USAir argues that the punitive damages claims must be dismissed because of express preemption and implied preemption.

■ USAir's position must be viewed in the context of the claims in this action. Plaintiffs allege that they are entitled to an award of punitive damages based on what they perceive as inadequacies in USAir's flight crew training, operations and maintenance programs. The programs in question were created and implemented to satisfy a comprehensive federal regulatory scheme. 14 C.F.R. § 121.1, *et seq.* These regulations were enacted pursuant to the Secretary of Transportation's authority, to promulgate regulations to "maintain safety," ensure the "availability of a variety of adequate, economic, efficient, and low-priced services," "encourage air transportation" at both major urban areas and small communities, and to strengthen "the competitive position of air carriers." 49 U.S.C. § 40101.

## EXPRESS PREEMPTION

The statute relied upon by USAir for its express preemption argument appears as part of the Federal Aviation Act at 49 U.S.C. § 41713. That section provides that "[A] state ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route or service of an air carrier...." Additionally, the Federal Aviation Act contains a savings clause which provides that a "remedy under this part is in addition to any other remedies provided by law." 49 U.S.C. § 40120.

Plaintiffs' punitive damages claims on account of the wrongful deaths of and injury to passengers of USAir Flight 1016 do not relate to USAir's rates, routes or services. The plaintiffs' claims are not, therefore, preempted by Section 41713. This conclusion is supported by a long line of decisions involving airline crashes which have held that punitive damages are not preempted by the Federal Aviation Act. *See, e.g., In re: Air Crash Disaster at Stapleton International Airport on November 15, 1987*, 721 F.Supp. 1185 (D.Colo.1988); *In re: Air Crash Disaster at Sioux City*, 734 F.Supp. 1425 (N.D.Ill. 1990); *Burke v. Northwest Airlines, Inc.*, 819 F.Supp. 1352, 1363 (E.D.Mich.1993); *Air Crash Disaster at John F. Kennedy International Airport*, 635 F.2d 67 (2d Cir.1980).

To counter this line of authority, USAir relies heavily upon *Morales v. Trans World Airlines*, 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) and *American Airlines v. Wolens*, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) for the proposition that state regulations are preempted by the Federal Aviation program. The court respectfully disagrees. As plaintiffs point out in their

memorandum, in the final analysis, both of these decisions are "rate" or "service" cases.

Moreover, USAir's argument ignores the savings clause language which expressly preserves state law remedies. Punitive damages are one of the "other remedies provided by law" for injuries resulting from tortious conduct. *See infra* Implied Preemption.

## IMPLIED PREEMPTION

USAir also contends that the punitive damages claims in these cases conflict with a pervasive regulatory scheme and, if awarded, would seriously impede the achievement of a federal objective. USAir argues that because of the "unique nature of the manner in which airlines are regulated," punitive damages must be preempted lest the flexibility of the regulatory scheme be destroyed.

Plaintiffs respond by relying primarily upon the decision of the United States Supreme Court in *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984). In *Silkwood*, the Supreme Court upheld a punitive damage award under Oklahoma state law. The court stated:

> Punitive damages have long been a part of traditional state tort law.... Congress assumed that traditional principles of state tort law would apply with full force unless they were *expressly* supplanted.

*Id.* at 255, 104 S.Ct. at 625.

USAir attempts to distinguish the *Silkwood* decision by pointing out that the regulations at issue in that case are contained in the Atomic Energy Act of 1954 which are "non-discretionary" regulations prescribing a mandatory course of conduct. The Federal Aviation regulations, on the other hand, fall into a separate class of regulations in which the regulatory agency sets a goal to be achieved, but delegates discretion to the industry as to the most efficient means of achieving the goal. USAir thus argues that under such a "discretionary" regulatory scheme, state law punitive damages claims can not be based on the industry's choice of one procedure over another.

The court has reviewed the authorities cited by the defendant in support of its implied preemption argument and is unpersuaded. Non-discretionary regulatory schemes, such as the one involved in *Silkwood*, contain clear commands governing the conduct of the regulated entity. Discretionary regulatory schemes, such as the one involved here, permit more latitude in determining the appropriate course of conduct by the regulated entity. It appears to this court that non-discretionary regulatory schemes present the stronger case for punitive damages preemption because the regulated entity has no choice but to follow the requirements of the law. If the regulatory scheme in *Silkwood* did not displace punitive damages, certainly the present scheme would not.

Another reason for rejecting the implied preemption argument is found in the insurance section of the Federal Aviation Act. As noted by the court in *Hodges v. Delta*, 44 F.3d 334, 336 (5th Cir.1995) *(en banc)*,

> Air Carriers are required to maintain insurance or self-insurance as prescribed by the Federal Aviation Administration that covers "amounts for which ... air carriers may become liable for bodily injuries to or the death of any person ... resulting from the operational maintenance of the air craft...."

*Id.* at 333 (quoting from 49 U.S.C.App. § 1371(q)). The regulatory scheme created by the Federal Aviation Act, whether it be denominated as discretionary or non-discretionary, can not be said to have impliedly preempted common law tort remedies (including punitive damages claims) when the same regulations require air carriers to carry insurance or be self-insured for damages to persons injured or killed by plane crashes.

Finally, the court observes that USAir's preemption argument has been rejected by at least one district court. *See Katonah v. USAir*, 876 F.Supp. 984 (N.D.Ill.1995).

For all of the foregoing reasons, the motion to dismiss the punitive damages claims in these cases is denied.

IT IS SO ORDERED.