[No. D031565. Fourth Dist., Div. One. Jan. 5, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY FIGUEROA, Defendant and Appellant.

1410

**COUNSEL**

·Steven J. Carroll, Public Defender, Donna L. Harris and Dianne S. Wendt-Miller, Deputy Public Defenders, for Defendant and Appellant.

Casey Gwinn, City Attorney, Susan M. Heath, Assistant City Attorney, and Angela K. Rosenau, Deputy City Attorney, for Plaintiff and Respondent.

## OPINION

**WORK, J.**—This case was certified to this court by the Appellate Department of the Superior Court of San Diego County pursuant to California Rules of Court, rule 63. Danny Figueroa's appeal raises a single issue: Does the failure of law enforcement officers to comply with the regulatory guidelines for the use of underage decoys established by the Department of Alcoholic Beverage Control (Department) constitute a defense to Business and Professions Code[1] section 25658 *criminal prosecutions* in light of the statement in California Code of Regulations, title 4, division 1, article 22, section 141 (regulation 141) that failure to comply with the standards adopted by Department "shall be a defense to any action brought pursuant to Business and Professions Code Section 25658." (Reg. 141, subd. (c).)

For the following reasons, we conclude the defense established by the departmental regulation is limited to administrative actions taken by and within the authority of Department, and does not apply to criminal prosecutions. Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

San Diego Police Detectives Rorrison and Levenberg and Investigator Powley, investigating the sale of alcoholic beverages to minors at the 7-Eleven store where Figueroa worked as a clerk, remained outside while their underage decoy, Mark Aaron Zeller, entered to buy beer with a marked $20 bill.

Zeller testified Figueroa asked him if he was over 21 years old, and he answered "no," but Figueroa sold beer to him anyway. Zeller testified he had been working as a decoy for about two hours and it was raining. He said after buying the beer he met Levenberg at the doorway with the beer and change. He identified Figueroa, and Levenberg issued a citation. Zeller later said he met Levenberg outside the store. Levenberg testified this was the first operation of the night and he did not believe it was raining.

Figueroa testified when he asked Zeller if he was over 21 years old, Zeller said he was. Figueroa said based on this answer and because Zeller appeared mature, he sold him the beer. He said he knew he would lose his job if he

---

[1]All statutory references are to the Business and Professions Code.

sold alcohol to underage persons, and had Zeller not said he was over 21 as he appeared to him, he would have taken the beer back to the cooler.

The owner of the store testified Figueroa had worked for her for two years and was a good employee. She said the store had two prior violations for selling alcohol to minors by other employees and she had warned her employees they would lose their jobs if they sold alcohol to minors.

The court ruled regulation 141, which establishes guidelines governing law enforcement's use of underage decoys, did not provide a defense to the criminal charge against Figueroa, but was limited to administrative proceedings by Department against a licensee to revoke or suspend a license.

Regulation 141 states:

"(a) A law enforcement agency may only use a person under the age of 21 years to attempt to purchase alcoholic beverages to apprehend licensees, or employees or agents of licensees who sell alcoholic beverages to minors (persons under the age of 21) and to reduce sales of alcoholic beverages to minors in a fashion that promotes fairness.

"(b) The following minimum standards shall apply to actions filed pursuant to Business and Professions Code Section 25658 in which it is alleged that a minor decoy has purchased an alcoholic beverage:

"(1) At the time of the operation, the decoy shall be less than 20 years of age;

"(2) The decoy shall display the appearance which could generally be expected of a person under 21 years of age, under the actual circumstances presented to the seller of alcoholic beverages at the time of the alleged offense;

"(3) A decoy shall either carry his or her own identification showing the decoy's correct date of birth or shall carry no identification; a decoy who carries identification shall present it upon request to any seller of alcoholic beverages;

"(4) A decoy shall answer truthfully any questions about his or her age;

"(5) Following any completed sale, but not later than the time a citation, if any, is issued, the peace officer directing the decoy shall make a reasonable attempt to enter the licensed premises and have the minor decoy who

purchased alcoholic beverages make a face to face identification of the alleged seller of the alcoholic beverages.

"(c) *Failure to comply with this rule shall be a defense to any action brought pursuant to Business and Professions Code Section 25658.*" (Italics added.)

The court restricted defense counsel's examination of Zeller to his general knowledge and training and prohibited counsel from referring to regulation 141 by name.[2]

The court instructed the jury on entrapment, but refused defense instructions requiring a not guilty verdict if the jurors found police had not complied with specific guidelines established in regulation 141.[3]

During deliberations, the jury submitted a question to the court asking, "[i]f Mr. Zeller said 'yes' to the question of are you over 21, would that constitute entrapment?" Before the court could refer the jury to the instruction on entrapment, the jury returned its guilty verdict. Figueroa does not raise any issue relating to entrapment on this appeal.

The appellate division of the superior court initially reversed Figueroa's conviction, finding the municipal court erred in failing to instruct that a law enforcement failure to comply with the regulatory guidelines would be a defense to the criminal prosecution. However, it granted rehearing, affirmed the judgment of the municipal court and certified the issue to us.

## DISCUSSION

■ The appellate court reviews questions of law de novo. (*California Country Club Homes Assn.* v. *City of Los Angeles* (1993) 18 Cal.App.4th 1425, 1438 [22 Cal.Rptr.2d 917].) The interpretation and applicability of a statute is a question of law. (*City of Petaluma* v. *County of Sonoma* (1993) 12 Cal.App.4th 1239, 1244 [15 Cal.Rptr.2d 617].) " 'Where the statute is clear, the "plain meaning" rule applies.' " (*Ibid.*, quoting *Sutco Construction Co.* v. *Modesto High School Dist.* (1989) 208 Cal.App.3d 1220, 1228 [256 Cal.Rptr. 671].)

---

[2]This matter is submitted on a minimal statement on appeal which does not set forth to what extent, if any, Figueroa was permitted to refer to the provisions of regulation 141.

[3]The defense requested the following instructions, which the court refused:

"A decoy must answer truthfully when asked any questions about his or her age. If you believe the decoy lied about his age, you must find the defendant not guilty.

"A decoy must display the appearance which could generally be expected of a person under 21 years of age, under the actual circumstances presented to the seller of alcoholic beverages at the time of the offense. If you believe the decoy did not have the requisite appearance, you must find the defendant not guilty."

Section 25658, which makes it a misdemeanor to sell any alcoholic beverage to a minor, provides that persons under the age of 21 may be used as decoys by peace officers to apprehend licensees, employees or agents of licensees who sell alcohol to minors. The section also directs Department to adopt and publish guidelines for the use of persons under 21 as police decoys.[4] Regulation 141 is the response to this request.

■ Figueroa contends the municipal court erred in ruling that a failure to follow the guidelines would not entitle him to regulation 141's affirmative defense for this criminal charge. He argues the fact the guidelines were promulgated in accordance with the legislative request contained in section 25658, requires us to conclude the Legislature empowered Department to establish a statutory defense to criminal prosecution. However, the legislative directive to Department does not authorize it to determine what should be a defense to an action made criminal by legislative action.

Here, the Legislature only directed Department to adopt and publish guidelines for the use of underage decoys. It completed that assignment when it promulgated the procedural standards in regulation 141, subdivision (b). There is no statutory directive for Department to determine what action or inaction would create a defense to conduct made criminal when the Legislature enacted section 25658. Although Department is empowered to adopt rules establishing defenses to actions it takes in its regulatory capacity,[5] Figueroa does not contend it has *independent* authority to declare what is, or is not, a defense to a criminal prosecution. We are satisfied it has no such authority.

■ Our conclusion, premised on the absence of a legislative statement making the guidelines applicable to criminal prosecution, is consistent with the general rule that only the Legislature can define crimes and penalties. Although the Legislature may delegate rulemaking power to an administrative body, it may not allow the agency to declare the violation of its rules a crime. (*Gilgert* v. *Stockton Port District* (1936) 7 Cal.2d 384, 392 [60 P.2d 847], disapproved on other grounds in *San Diego Bldg. Contractors Assn.* v.

---

[4]Section 25658, subdivision (e) states in part: "Guidelines with respect to the use of persons under the age of 21 years as decoys shall be adopted and published by the department in accordance with the rulemaking portion of the Administrative Procedure Act . . . . Law enforcement-initiated minor decoy programs in operation prior to the effective date of regulatory guidelines adopted by the department shall be authorized as long as the minor decoy displays to the seller of alcoholic beverages the appearance of a person under the age of 21 years. This subdivision shall not be construed to prevent the department from taking disciplinary action against a licensee who sells alcoholic beverages to a minor decoy prior to the department's final adoption of regulatory guidelines."

[5]See *Acapulco Restaurants, Inc.* v. *Alcoholic Beverage Control Appeals Bd.* (1998) 67 Cal.App.4th 575 [79 Cal.Rptr.2d 126].

*City Council* (1974) 13 Cal.3d 205, 216, fn. 6 [118 Cal.Rptr. 146, 529 P.2d 570, 72 A.L.R.3d 973].) Only the Legislature, not an administrative body, may determine what conduct is unlawful and the penalty for the unlawful conduct. (*People* ex rel. *Younger* v. *County of El Dorado* (1971) 5 Cal.3d 480, 494-496 [96 Cal.Rptr. 553, 487 P.2d 1193]; *People* v. *Valenti* (1984) 153 Cal.App.3d Supp. 35, 37-38 [200 Cal.Rptr. 862]; *L. B. Foster Co.* v. *County of Los Angeles* (1968) 265 Cal.App.2d 24, 28 [71 Cal.Rptr. 16]; *Moore* v. *Municipal Court* (1959) 170 Cal.App.2d 548, 556-557 [339 P.2d 196]; see generally, *People* v. *Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 355 [45 Cal.Rptr.2d 107].) The underpinnings of this nondelegation rule include the constitutional provision vesting legislative power in the Legislature, which requires the Legislature to make fundamental policy decisions (Cal. Const., art. IV, § 1; *People* v. *Wright* (1982) 30 Cal.3d 705, 712-713 [180 Cal.Rptr. 196, 639 P.2d 267]; see generally *Sandstrom* v. *Cal. Horse Racing Board* (1948) 31 Cal.2d 401, 412 [189 P.2d 17, 3 A.L.R.2d 90]), and the need to prevent imposition of disparate and inequitable criminal sanctions for like conduct (see *People* ex rel. *Younger* v. *County of El Dorado, supra,* 5 Cal.3d at p. 496; *Moore* v. *Municipal Court, supra,* 170 Cal.App.2d at pp. 556-557).

Once the Legislature has defined the crime and the penalty, the courts have recognized the validity of administratively enacted rules made pursuant to legislative authorization. (See, e.g., *Moore* v. *Municipal Court, supra,* 170 Cal.App.2d at pp. 555-557, and *People* ex rel. *Younger* v. *County of El Dorado, supra,* 5 Cal.3d at p. 496 [once Legislature declared violation of rules was a crime, Legislature could delegate to administrative body power to enact the rules]; *People* v. *Martin* (1989) 211 Cal.App.3d 699, 710 [259 Cal.Rptr. 770, 86 A.L.R.4th 383] [once Legislature created criminal sanction and fixed penalties for hazardous waste disposal, Legislature could delegate to administrative agency power to define specific hazardous wastes]; *People* v. *Wright, supra,* 30 Cal.3d 705, 712-713 [once Legislature made fundamental policy decisions pertinent to determine sentencing scheme and established suitable safeguards to prevent misuse of agency power, Legislature could delegate to administrative agency power to adopt rules defining sentencing criteria].)

 Here, allowing the administrative guidelines to be used as a defense in a criminal prosecution would in effect permit Department to define the elements of what does and does not constitute criminal conduct in the use of underage decoys. Absent an indication the Legislature delegated such power to Department, this would constitute an improper usurpation of the Legislature's function to define what is criminal conduct.

Moreover, when directly presented with proposed legislation to establish noncompliance with the guidelines in regulation 141 as a criminal defense, it did not do so.

In 1993-1994, the Legislature proposed legislation which would have provided procedures for underage decoys and specifically required that failure to observe the procedures would be a defense to any prosecution or accusation proceeding. (Assem. Bill No. 1208, 1 Assem. Final Hist. (1993-1994 Reg. Sess.) p. 866; see also Assem. Bill No. 3805 (1993-1994 Reg. Sess.) § 3, as amended Apr. 12, 1994.) The Legislature failed to enact this legislation and, instead, amended only section 25658 to require Department to adopt and publish guidelines.

Because we conclude the defense established by regulation 141, subdivision (c) applies only to departmental actions within the scope of its enforcement authority, we affirm the judgment.

Kremer, P. J., and Huffman, J., concurred.