[No. B123929. Second Dist., Div. One. Oct. 28, 1998.]

ACAPULCO RESTAURANTS, INC., Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Respondent.

**COUNSEL**

Solomon, Saltsman & Jamieson, Ralph Barat Saltsman and Stephen Warren Solomon for Petitioner.

Hinman & Carmichael, John A. Hinman, Richard D. Warren, Beth Aboulafia, Nielsen, Merksamer, Parrinello, Mueller & Naylor, James R. Parrinello and John E. Mueller as Amici Curiae on behalf of Petitioner.

Daniel E. Lungren, Attorney General, Martin H. Milas, Assistant Attorney General, Silvia M. Diaz and Laura Lee Gold, Deputy Attorneys General, for Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—The Department of Alcoholic Beverage Control regulates the use of underage decoys to enforce the constitutional and statutory prohibitions against the sale of alcoholic beverages to minors. In this case, we address the requirement that, after a completed sale and no later than the time at which a citation is issued, "the peace officer directing the decoy *shall* make a reasonable attempt to enter the licensed premises and have *the minor decoy who purchased alcoholic beverages make a face to face identification of the alleged seller* of the alcoholic beverages." (Cal. Code Regs., tit. 4, § 141, subd. (b)(5), italics added.)[1] "Failure to comply with this rule *shall* be a defense to any action brought pursuant to Business and Professions Code [s]ection 25658."[2] (Rule 141, subd. (c), italics added.)

In the case now before us, a 19-year-old decoy working with the Los Angeles Police Department entered the Acapulco restaurant, sat down at the bar, and ordered a beer. Without first requesting identification, the bartender served the decoy. The decoy paid for the beer. A police officer seated at a nearby table observed the transaction. The restaurant's owner (Acapulco Restaurants, Inc.), the holder of an on-sale general (public eating place) liquor license, was cited by the Department for selling an alcoholic beverage to a minor in violation of section 25658, subdivision (a). Acapulco denied the accusation and a hearing was held. The police officer and the decoy testified about the sale, and the officer testified that, upon completion of the transaction, he had informed the bartender that she had sold beer to a minor, and identified the decoy as the minor. It is undisputed that the police officer did not have the decoy make the required face-to-face identification of the

---

[1]Undesignated rule references and references to "Guidelines" are to title 4 of the California Code of Regulations.

[2]Undesignated section references are to the Business and Professions Code.

bartender.[3] An administrative law judge sustained the charge and ordered a 15-day suspension of Acapulco's liquor license.

Acapulco appealed to the Alcoholic Beverage Control Appeals Board, contending the decoy's failure to make a face-to-face identification of the bartender was a complete defense to the Department's charge. (Rule 141, subd. (c) [a failure to comply with the provisions of rule 141 "shall be a defense to any action" alleging a violation of section 25658].) The Board refused to give rule 141, subdivision (c) a "rigid and literal interpretation" because the police officer had been sitting only a few feet away at the time of the sale. According to the Board, the rule must "take[] into account reality," and the "reality of this case" is that "there is no need for the requirement of identification when the peace officer is already within the premises and is an eyewitness to the transaction." The Board affirmed the 15-day suspension.

At Acapulco's request, we issued a writ of review, ordered the Board to provide us with a record of the proceedings, and set the matter for oral argument. For the reasons explained below, we now command the Board to reverse its decision.

## DISCUSSION

When alcoholic beverages are sold to a minor, the seller and purchaser are both subject to criminal prosecution. (Cal. Const., art. XX, § 22; § 25658, subds. (a), (b).) In *Provigo Corp.* v. *Alcoholic Beverage Control Appeals Bd.* (1994) 7 Cal.4th 561 [28 Cal.Rptr.2d 638, 869 P.2d 1163], our Supreme Court upheld the use of underage decoys, finding that, in a criminal prosecution of a licensee based on a sale to a decoy, the licensee could not claim entrapment or otherwise object to the use of an underage decoy. (*Id.* at pp. 567-571.) In passing, the court noted the absence of an "express immunity" protecting the underage decoy from prosecution and the existence of "the general ban on *purchases* by minors," and noted that the "Legislature may well have assumed that providing such immunity was unnecessary." (*Id.* at p. 568.)

In response to *Provigo,* the Legislature enacted subdivision (e) of section 25658 to confirm the right of the Department and law enforcement to use "[p]ersons under the age of 21 . . . to apprehend licensees, or employees or

---

[3]It appears from the record that the police officer was unaware of the rule requiring a face-to-face identification by the decoy, and that he learned about rule 141, subdivision (b)(5) only after this incident.

agents of licensees, who sell alcoholic beverages to minors," and to provide that, notwithstanding the provision (in subdivision (b)) making the minor's purchase a misdemeanor, *"any person under the age of 21 years who purchases or attempts to purchase any alcoholic beverage while under the direction of a peace officer is immune from prosecution for that purchase or attempt to purchase an alcoholic beverage.* Guidelines with respect to the use of persons under the age of 21 years as decoys shall be adopted and published . . . ." (Italics added.)

As directed by subdivision (e) of section 25658, the required guidelines were adopted and published by the Department in accordance with the rulemaking provisions of the Administrative Procedure Act, Government Code section 11340 et seq. These are the Guidelines set out in rule 141, including the requirement of a face-to-face identification by the decoy and the defense triggered by law enforcement's failure to obtain the decoy's identification.[4]

 Since it is undisputed that the required face-to-face identification by the decoy was not made in this case, it follows ineluctably that Acapulco's defense was established as a matter of law. As Acapulco puts it, when a rule requires certain affirmative acts by law enforcement, law enforcement must comply. To avoid this result, the Board urges upon us a "common-sense interpretation" of rule 141 and asks us to reject the plain language of the rule. The way the Board sees it, rule 141, subdivision (b)(5) applies only when it is necessary to prevent a mistake in the description of the seller, and the defense created by rule 141, subdivision (c) is unavailable in a case where, as here, the officer was present at the time of the sale.

---

[4] In its entirety, rule 141 provides:

"(a) A law enforcement agency may only use a person under the age of 21 years to attempt to purchase alcoholic beverages to apprehend licensees, or employees or agents of licensees who sell alcoholic beverages to minors (persons under the age of 21) and to reduce sales of alcoholic beverages to minors in a fashion that promotes fairness.

"(b) The following minimum standards shall apply to actions filed pursuant to Business and Professions Code Section 25658 in which it is alleged that a minor decoy has purchased an alcoholic beverage: [¶] (1) At the time of the operation, the decoy shall be less than 20 years of age; [¶] (2) The decoy shall display the appearance which could generally be expected of a person under 21 years of age, under the actual circumstances presented to the seller of alcoholic beverages at the time of the alleged offense; [¶] (3) A decoy shall either carry his or her own identification showing the decoy's correct date of birth or shall carry no identification; a decoy who carries identification shall present it upon request to any seller of alcoholic beverages; [¶] (4) A decoy shall answer truthfully any questions about his or her age; [¶] (5) *Following any completed sale, but not later than the time a citation, if any, is issued, the peace officer directing the decoy shall make a reasonable attempt to enter the licensed premises and have the minor decoy who purchased alcoholic beverages make a face to face identification of the alleged seller of the alcoholic beverages.*

"(c) Failure to comply with this rule *shall be a defense* to any action brought pursuant to Business and Professions Code Section 25658." (Italics added.)

■■■■ We reject the Department's contention that its refusal to apply rule 141, subdivisions (b)(5) and (c) is no more than an exercise of its right to "interpret" a rule governing its enforcement obligations.[5] To ignore a rule and the defense that arises from law enforcement's failure to comply with that rule is not a matter of "interpretation." What the Department has done is to unilaterally decide that rule 141, subdivision (b)(5) applies in some situations but not others, a decision that exceeds the Department's power. By its refusal to apply rule 141, subdivision (b)(5) when a police officer is present at the time of the sale, the Department has crossed the line separating the interpretation of a word or phrase on one side to the legislation of a different rule on the other, thereby substituting its judgment for that of the rulemaking authority. It might as well have said that rule 141, subdivision (b)(5) applies on Mondays but not Thursdays. The Board offers no authority for its right to do this and we know of none.

Without legal or factual authority, the Department myopically suggests that rule 141 may make sense "in some communities [where] the peace officers necessarily may remain outside because their identities are known to the licensees. In those circumstances, their entry into the premises in advance of the minor would doom the decoy operation to failure at the outset."[6] At the request of the California Retailers Association, a trade association representing major California chain grocery, drug and convenience stores, and The Southland Corporation, the owner of the 7-Eleven

---

[5]The general rules of statutory interpretation are not disputed: Although an administrative agency's interpretation of its own rules is generally given great weight (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668-669 [150 Cal.Rptr. 250, 586 P.2d 564]), the ultimate interpretation of an administrative regulation is by the courts, not the enforcing agency. (*Department of Health Services* v. *Civil Service Com.* (1993) 17 Cal.App.4th 487, 494-495 [21 Cal.Rptr.2d 428]; *Delta Air Lines, Inc.* v. *State Bd. of Equalization* (1989) 214 Cal.App.3d 518, 525 [262 Cal.Rptr. 803].) The fundamental rules of statutory construction apply to administrative regulations, and a dispute about the meaning of a word or phrase will be resolved by reference to the legislative intent so that we can effectuate the purpose of the law. (*Hogoboom* v. *Superior Court* (1996) 51 Cal.App.4th 653, 659 [59 Cal.Rptr.2d 254]; *Cal. Drive-In Restaurant Assn.* v. *Clark* (1943) 22 Cal.2d 287, 292 [140 P.2d 657, 147 A.L.R. 1028]; *People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322]; *In re Bandmann* (1958) 51 Cal.2d 388, 393 [333 P.2d 339].)

[6]The Department's ignorance about these rules is self-imposed. As a matter of "policy," the Department does not use or employ decoys to conduct enforcement activities involving the sales of alcoholic beverages to minors. But in 1996, the Department adopted a set of "Decoy Program Guidelines" (separate and distinct from the rules adopted under the mandate of section 25658) to allow "the local law enforcement community to use persons under 20 years of age as decoys to purchase alcoholic beverages from licensed premises." These "Guidelines" (submitted by amicus curiae, not the Department) blur the line between the Department's avowed avoidance of decoys and its declared support for law enforcement's use of decoys by offering up a "Decoy Program training video" and detailed recommendations about the things that law enforcement ought to be doing—e.g., who to notify about the use of a decoy program, how to

trademark and name (both appearing as amici curiae), we have judicially noticed the Department's own statistics—which disclose 18,577 reported attempts by underage decoys to buy alcoholic beverages between mid-1994 and September 1998, and which also disclose that the use of minor decoy programs has increased substantially since 1995. Forty-eight percent of all violations over the past three years have been based on decoy sales. The Department's increasing reliance on decoys demands strict adherence to the rules adopted for the protection of the licensees, the public and the decoys themselves. If the rules are inadequate, the Department has the right and the ability to seek changes. It does not have the right to ignore a duly adopted rule.[7]

We hold that rule 141, subdivision (b)(5) means what it says and that, "[f]ollowing any completed sale, but not later than the time a citation, if any, is issued, the peace officer directing the decoy shall make a reasonable attempt to enter the licensed premises and have the minor decoy who purchased alcoholic beverages make a face to face identification of the alleged seller of the alcoholic beverages." A "[f]ailure to comply with [rule 141(b)(5)] shall be a defense to any action brought pursuant to . . . [s]ection 25658." (Rule 141, subd. (c).)

Since it is undisputed that no attempt (reasonable or otherwise) was made to reenter Acapulco's premises (or remain on those premises) so that the decoy who purchased the beer could make a face-to-face identification of the

---

select a decoy, instructions to be given to the decoy, surveillance, and so on. We find it significant that these Department-prepared Guidelines state, in no uncertain terms, that *law enforcement "must make a reasonable attempt to re-enter the premises and have the decoy identify the seller, face to face. The face-to-face identification must be done after the sale, but no later than at the time a citation, if any, is issued."* (Italics added.) The Department's Guidelines do not suggest that a face-to-face identification is superfluous when an officer is present.

[7]Licensees who sell alcoholic beverages to minors are subject to criminal prosecution, fines, and temporary and permanent loss of their licenses. (§§ 25658, 25658.1; *Provigo Corp.* v. *Alcoholic Beverage Control Appeals Bd., supra,* 7 Cal.4th at p. 570; *Walsh* v. *Dept. of Alcoholic Bev. Control* (1963) 59 Cal.2d 757, 764-765 [31 Cal.Rptr. 297, 382 P.2d 337] [without regard to whether a particular action arises out of an administrative proceeding, a penal statute shall not be enlarged by the courts].) The Department nevertheless says the decoy's face-to-face identification is superfluous where, as here, a police officer who was present throughout the transaction has identified the seller. Acapulco and its amici curiae say the decoy's face-to-face identification is required to give the seller a fair opportunity to see the decoy's appearance in order to decide whether to defend on the ground that the decoy does not display the appearance which could be generally expected of a person under the age of 21 (as required by rule 141, subd. (b)(2)). From the seller's perspective, the police officer's identification of the decoy does not serve this purpose. It is neither our role nor the Department's role to resolve this dispute. That right belongs to the Legislature or the appropriate rulemaking body.

bartender, and since it is undisputed that subdivision (c) of rule 141 provides a defense when there is a failure to comply with the requirements of rule 141, it follows that Acapulco's suspension cannot stand.[8]

### DISPOSITION

The Board's decision affirming the Department's order and the Department's order are both reversed, and the Department is directed to enter a new order withdrawing the accusation. Acapulco is entitled to its costs of these writ proceedings.

Ortega, Acting P. J., and Masterson, J., concurred.

---

[8]The concession in this case that no attempt was made to comply with rule 141, subdivision (b)(5) makes it unnecessary to decide what would constitute a sufficient effort to reenter or what would constitute a face-to-face identification by the decoy.