Filed 1/17/17

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, | C078574 |
| Petitioner, | (Alcoholic Beverage Control Appeals Board No. AB9434) |
| v. | |
| ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, | |
| Respondent; | |
| GARFIELD BEACH CVS, LLC et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING: Petition for writ of review. Petition granted.

Kamala D. Harris, Attorney General, Alicia M.B. Fowler, Assistant Attorney General, Peter D. Halloran and Lauren Sible, Deputy Attorneys General for Petitioner.

Linda A. Mathes, Sarah M. Smith, John D. Ziegler for Respondent Alcoholic Beverage Control Appeals Board.

1

SOLOMON, SALTSMAN & JAMIESON, Stephen Warren Solomon, Ralph Barat Saltsman, Stephen Allen Jamieson, R. Bruce Evans, Ryan M. Kroll, Jennifer L. Oden and Margaret Warner Rose for Real Parties in Interest.

California Constitution, article XX, section 22, prohibits the sale of alcoholic beverages to persons under 21 years of age. (See also Bus. & Prof. Code, § 25658, subd. (a),[1] [making it a misdemeanor to sell alcohol to a person under 21 years of age]. Here, the Department of Alcoholic Beverage Control (Department) issued a 15-day suspension of an off-sale general license held by the Garfield Beach CVS LLC Longs Drug Stores California LLC, doing business as CVS Pharmacy Store 9174 (CVS) after an administrative law judge found the store clerk sold alcohol to a minor decoy.[2] The Alcohol Beverage Control Appeals Board (Appeals Board) reversed the suspension based on California Code of Regulations, title 4, section 141 (Rule 141) that allows a law enforcement agency to use an underage decoy only "in a 'fashion that promotes fairness.' " (*Id.*, subd. (a).) In the Appeals Board's view, the suspension was unfair because the minor decoy did not respond about his age when the store clerk looked at his driver license and remarked, "I would never have guessed it, you must get asked a lot." To challenge the reversal of the license suspension, the Department petitioned for a writ of review in this court. (§ 23090.)

The Department contends it correctly interprets Rule 141 to require minor decoys to answer only questions about their ages. Based on the administrative law judge's finding in this case that the store clerk's remark constituted a statement rather than a

---

[1]     Undesignated statutory references are to the Business and Professions Code.

[2]     The license is held by Garfield Beach CVS LLC Longs Drug Stores California LLC, doing business as CVS Pharmacy Store 9174.

question, the Department argues its decision was legally correct and supported by substantial evidence. The Appeals Board counters Rule 141 is ambiguous and results "in confusion and manifest unfairness." And CVS argues the Department's interpretation of Rule 141 unfairly allows decoys to remain silent in the face of mistaken statements about age. According to CVS, affirming the license suspension would allow deceptive and misleading silence in the face of a store clerk's explicit mistake about the minor decoy's age.

We conclude Rule 141 is not ambiguous in requiring minor decoys to answer truthfully only questions about their ages. Because substantial evidence supports the administrative law judge's factual finding the decoy in this case was not questioned about his age, we determine as a matter of law that Rule 141 does not provide CVS with a defense to the accusation it sold an alcoholic beverage to an underage buyer. Accordingly, we annul the Appeals Board's decision.

BACKGROUND

*The Department's Imposition of a 15-day License Suspension*

In October 2013, the Department accused CVS of selling alcohol to an underage person at its Garfield Beach store. An administrative hearing was held in February 2014, in which the administrative law judge made the following findings of fact:

CVS has held an off-sale general license to sell alcohol since June 2009, with no prior record of discipline by the Department. On June 3, 2013, Joseph Childers was 18 years old and had the appearance and mannerisms of a person under the age of 21. On that date, Childers accompanied Department agents and law enforcement officers to conduct an alcoholic beverage decoy operation at the Garfield Beach CVS store. Childers entered the store at 2:30 p.m., went to the beer cooler where he selected a 24-ounce bottle of beer, and took the beer to the checkout line. The CVS store clerk scanned the bottle of beer and asked Childers for identification. Childers handed his California

3

driver license to the clerk. The driver license indicated Childers's date of birth and had a red stripe with white letters that stated, "AGE 21 IN 2015." In addition, the driver license had a blue stripe with white letters that stated, "PROVISIONAL UNTIL AGE 18 IN 2012."

The administrative law judge made the following factual findings: "The clerk looked at Childers's [driver license], tried to scan it, and looked at the [license] again. She then stated, 'I would not have guessed it, you must get asked a lot,' or words to that effect. The clerk's remark was framed as a statement not a question. The decoy did not say anything to the clerk in response to her remark. He thought the clerk's statement was 'casual conversation.' The decoy also testified the statement might or might not have been related to his age. Thus, in his mind it was unclear what the clerk meant by her statement. [¶] The clerk sold Childers the 24-ounce bottle of Corona beer. At no time during the transaction did the clerk ask Childers how old he was or his age. Following the sale of the beer, the decoy exited the premises." The administrative law judge found Childers's testimony at the hearing to be clear, concise, and credible. On this basis, the administrative law judge decided there was cause to suspend CVS's off-sale general license for 15 days.

In April 2014, the Department adopted the administrative law judge's proposed decision as its decision in this case. CVS appealed the decision to the Appeals Board.

### The Appeals Board's Reversal of License Suspension

In January 2015, the Appeals Board issued its decision. The Appeals Board's decision relied upon its prior decision to conclude Rule 141 required the decoy to respond to the store clerk's statement upon looking at his driver license. The Appeals Board's decision emphasized the following testimony by the decoy at the administrative hearing:

4

"[Counsel for CVS]: [A]fter the clerk made that statement to you, what did you take that statement to mean?

"A. [Childers]: Casual conversation.

"Q. And [in] that casual conversation did you see it related in any way to your age?

"A. Yes and no.

"Q. When you say 'Yes and no,' what do you mean?

"A. Yes, that maybe *I looked younger.* No, because she *thought I was older* or thought that I do it a lot, you know."

The Appeals Board reasoned that "[w]hen the decoy believes, as here, that a clerk's remarks are ambiguous as to his or her age, the decoy has an obligation to respond verbally and truthfully. That is the plain meaning of rule 141(a)'s language instructing that minor decoy operations must be conducted in a 'fashion that promotes fairness.' " (Italics omitted.) The Appeals Board further stated that whenever "the decoy him or herself interprets a seller's comments to *in any way* pertain to the decoy's age, the Department should insist that decoy err on the side of responding with clarification." On these grounds, the Appeals Board reversed the Department's decision and rescinded the suspension of CVS's off-sale general license.

### *Petition for Writ of Review*

In February 2015, the Department filed in this court a petition for writ of review from the decision of the Appeals Board. We issued a writ of review in March 2015. (§ 23090.)

5

DISCUSSION

# I

## *Standard of Review*

In addition to prohibiting the sale of alcohol to minors, the California Constitution "vests the Department with broad discretion to revoke or suspend liquor licenses 'for good cause' if continuing the license would be 'contrary to public welfare or morals.' (Cal. Const., art. XX, § 22.)  In the absence of a clear abuse of discretion, the courts will uphold the Department's decision to suspend a license for violation of the liquor laws. (E.g., *Martin v. Alcoholic Bev. etc. Appeals Bd.* (1959) 52 Cal.2d 238, 248–249.)" (*Provigo Corp. v. Alcoholic Beverage Control Appeals Bd.* (1994) 7 Cal.4th 561, 566 (*Provigo*).)  " 'The administration of the Alcoholic Beverage Control Act, within the scope of the purposes of that act, is initially vested in the department.  Its decisions, however, are subject to administrative review by the board and a final order of the board is, in turn, subject to judicial review.' " (*Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 1094, 1099, quoting *Walsh v. Kirby* (1974) 13 Cal.3d 95, 102.)

The scope of review of the Department's decisions is the same in the Appeals Board and this court.  (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1071 (*Deleuze*).)  Section 23090.2 provides that review "shall not extend further than to determine, based on the whole record of the department as certified by the board, whether:  [¶]  (a) The department has proceeded without or in excess of its jurisdiction.  [¶]  (b) The department has proceeded in the manner required by law.  [¶]  (c) The decision of the department is supported by the findings.  [¶]  (d) The findings in the department's decision are supported by substantial evidence in the light of the whole record.  [¶]  (e) There is relevant evidence which, in the exercise of reasonable diligence, could not have

6

been produced or which was improperly excluded at the hearing before the department." Section 23090.2 also excludes the power to make findings of fact from the scope of review. (*Ibid.*)

In conducting our review, " '[w]e defer to the Department's interpretation of its own rules, 'since the agency is likely to be intimately familiar with regulations it authored and sensitive to the practical implications of one interpretation over another.' (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 12, (*Yamaha Corp.*).) Courts generally will not depart from the Department's contemporaneous construction of a rule enforced by the Department unless such interpretation is clearly erroneous or unauthorized. (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2003) 109 Cal.App.4th 1687, 1696 . . . .)" (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2005) 128 Cal.App.4th 1195, 1205.) In short, the Department's decisions are "subject to review only for insufficiency of the evidence, excess of jurisdiction, errors of law, or abuse of discretion." (*Deleuze*, at p. 1072.)

## II

### *Rule 141*

The Department contends it correctly rejected CVS's reliance on Rule 141 as providing a defense to its sale of alcohol to the underage decoy in this case. We agree.

### A.

### *The Department's Reliance on Minor Decoys*

The Department relies on minor decoy operations as an integral part of its enforcement of the constitutional and statutory prohibitions on sales of alcohol to persons under 21 years of age. (Cal. Const., art. XX, § 22; § 25658, subd. (a).) The California Supreme Court has approved of the practice, noting that "[t]he use of underage decoys to

7

enforce laws against unlawful sales to minors clearly *promotes* rather than hinders" the California constitutional and statutory prohibitions on sales of alcoholic beverages to minors. (*Provigo*, *supra*, 7 Cal.4th at p. 567.)

The Business and Professions Code provides that "[p]ersons under 21 years of age may be used by peace officers in the enforcement of this section to apprehend licensees, or employees or agents of licensees, or other persons who sell or furnish alcoholic beverages to minors." (§ 25658, subd. (f).) In pertinent part, subdivision (f) of section 25658 further provides: "Guidelines with respect to the use of persons under 21 years of age as decoys shall be adopted and published by the department in accordance with the rulemaking portion of the Administrative Procedure Act . . . ." To comply with subdivision (f) of section 25658, the Department promulgated Rule 141. (*Acapulco Restaurants, Inc. v. Alcoholic Beverage Control Appeals Bd.* (1998) 67 Cal.App.4th 575, 579 (*Acapulco Restaurants*).) In its entirety, Rule 141 states:

"(a) A law enforcement agency may only use a person under the age of 21 years to attempt to purchase alcoholic beverages to apprehend licensees, or employees or agents of licensees who sell alcoholic beverages to minors (persons under the age of 21) and to reduce sales of alcoholic beverages to minors in a fashion that promotes fairness.

"(b) The following minimum standards shall apply to actions filed pursuant to Business and Professions Code Section 25658 in which it is alleged that a minor decoy has purchased an alcoholic beverage: [¶] (1) At the time of the operation, the decoy shall be less than 20 years of age; [¶] (2) The decoy shall display the appearance which could generally be expected of a person under 21 years of age, under the actual circumstances presented to the seller of alcoholic beverages at the time of the alleged offense; [¶] (3) A decoy shall either carry his or her own identification showing the decoy's correct date of birth or shall carry no identification; a decoy who carries identification shall present it

upon request to any seller of alcoholic beverages;  [¶]  (4) *A decoy shall answer truthfully any questions about his or her age*;  [¶]  (5) Following any completed sale, but not later than the time a citation, if any, is issued, the peace officer directing the decoy shall make a reasonable attempt to enter the licensed premises and have the minor decoy who purchased alcoholic beverages make a face to face identification of the alleged seller of the alcoholic beverages.

"(c) Failure to comply with this rule shall be a defense to any action brought pursuant to Business and Professions Code Section 25658."  (Italics added.)

**B.**

***Availability of the Rule 141 Defense***

The Appeals Board contends subdivision (b)(4) of Rule 141 required the minor decoy in this case to truthfully respond to the clerk's statement, "I would not have guessed it, you must get asked a lot."  Similarly, CVS argues the minor decoy's lack of response violated Rule 141 and provided a defense to the Department's accusation.  The Department counters by noting the administrative law judge made the factual finding that the CVS clerk's words to the minor decoy constituted a statement rather than a question.  On this basis, the Department argues the defense supplied by Rule 141 does not apply here.  Resolving these contentions requires us to construe the meaning of Rule 141.

As this court has previously explained, "Generally, the same rules governing the construction and interpretation of statutes apply to the construction and interpretation of administrative regulations.  (*In re Richards* (1993) 16 Cal.App.4th 93, 97–98.)  Accordingly, ' "we begin with the fundamental rule that a court 'should ascertain the intent of the Legislature so as to effectuate the purpose of the law." ' [Citations.]  'An equally basic rule of statutory construction is, however, that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in

9

framing them.' [Citations.] Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legislature. [Citations.] 'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698.)" (*Schmidt v. Foundation Health* (1995) 35 Cal.App.4th 1702, 1710-1711.) " 'The construction of an administrative regulation and its application to a given set of facts are matters of law.' " (*Ibid.*, quoting *Auchmoody v. 911 Emergency Services* (1989) 214 Cal.App.3d 1510, 1517.)

In enacting the Alcoholic Beverage Control Act (Act) (§ 23000 et seq.), the Legislature declared the Act "involves in the highest degree the economic, social, and moral well-being and the safety of the State and of all its people." (§ 23001.) The Act establishes the Department "to provide a governmental organization which will ensure a strict, honest, impartial, and uniform administration and enforcement of the liquor laws throughout the State." (§ 23049.) To that end, section 23001 declares that "[a]ll provisions of this division shall be liberally construed for the accomplishment of these purposes."

Rule 141(b)(4) provides that "[a] decoy shall answer truthfully any questions about his or her age." The Rule's guidance is clear and unambiguous. Minor decoys do not need to respond to *statements* of any kind nor do they need to respond truthfully to *questions* other than those concerning their ages. Thus, Rule 141 does not require minor decoys to correct mistakes articulated by licensed alcohol sellers. Instead, the minor decoys need to respond truthfully only to questions about their ages. In short, Rule 141 sets forth clear, unambiguous, and fair guidance for minor decoys to follow during the Department's operations. Consequently, the Department properly construed the plain

10

language of Rule 141 in determining the minor decoy in this case was not required to respond to the clerk's statement that might have related to the decoy's age.

The Appeals Board disagrees with the Department's plain-meaning interpretation of Rule 141, asserting the Rule is ambiguous and unfair. The Appeals Board argues that "the language of Rule 141[(b)(4)] is ambiguous, and decoys lack the expertise to make a fair decision about whether a clerk's words are a 'question' 'about his or her age.' " The Appeals Board bases its argument on the assertion that "[t]he word 'question' is, especially when uttered vocally as opposed to being written, not free from doubt." In support, the Appeals Board argues the ambiguity of the word "question" is demonstrated by the need for an evidentiary hearing to determine the nature of the store clerk's communication to the minor decoy. We reject the argument.

Courts have long resolved factual issues concerning whether a spoken communication constitutes a question that invited an answer. In *Rhode Island v. Innis* (1980) 446 U.S. 291 [64 L.Ed.2d 297], the United States Supreme Court articulated a test for determining when *Miranda* advisements must be given to a suspect that "come[s] into play whenever a person in custody is subjected to either express questioning or its functional equivalent." (*Id.* at pp. 300-301.) The test under *Rhode Island v. Innis* requires that police officers understand not only whether they are engaging in "express questioning," but also when their words or actions "are reasonably likely to elicit an incriminating response from the suspect." (*Id.* at p. 301.) The United States Supreme Court's decision establishes the unproblematic nature of distinguishing between oral communications constituting questions (and even their functional equivalents) and statements not reasonably likely to elicit an incriminating answer. Courts even require law enforcement officers to distinguish between suggestive and nonsuggestive questions. (*People v. Saracoglu* (2007) 152 Cal.App.4th 1584, 1590.) Here, the determination required of minor decoys is more clear than the *Rhode Island v. Innis* test or the

11

distinction between suggestive and nonsuggestive questions because subdivision (b)(4) of Rule 141 applies *only* to questions relating to age. "Question" is not an ambiguous term and does not lead to confusion in limiting spoken communications to those involving inquiries that contemplate answers.

We also reject the Appeals Board's contention Rule 141 is ambiguous because "no definition is provided as to what 'fairness' means or how it is to be determined." The lack of a definition of fairness, by itself, does not render Rule 141 ambiguous. (Cf. *Nava v. Mercury Cas. Co*. (2004) 118 Cal.App.4th 803, 805 [lack of definition does not render a term ambiguous].) Contrary to the Appeals Board's contention, Rule 141 provides specific guidance regarding how to preserve fairness in minor decoy operations. Subdivision (b) of Rule 141 implements the goal of fairness by imposing five specific requirements for every minor decoy operation. Decoys must be under the age of 20; have the appearance of a person under 21; carry their own actual identification and present that identification upon request; truthfully answer any questions about their ages; and make face-to-face identifications of the persons who sold the alcoholic beverages. (Rule 141(b)(1)-(5).) Fairness under Rule 141 is assured by a set of five expressly defined safeguards, all of which must be fulfilled during a minor decoy operation. (*Acapulco Restaurants, supra,* 67 Cal.App.4th at p. 580.) Consequently, Rule 141's use of the word "fairness" does not render the rule ambiguous or confusing.

In support of the Appeals Board's argument Rule 141 is ambiguous regarding what constitutes fairness, it points to its earlier decisions in *7-Eleven, Inc./Johal Stores, Inc.* (2014) AB-9403 (*7-Eleven*), *Equilon Enterprises, LLC* (2002) AB-7845 (*Equilon*), *Lucky Stores, Inc.* (1999) AB-7227 (*Lucky*), *Southland Corp./Dandona* (1999) AB-7099 (*Southland*), and *Thrifty Payless, Inc*. (1998) AB-7050 (*Thrifty*). We may take judicial notice of decisions of the Appeals Board. (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd*. (2005) 128 Cal.App.4th 1195, 1208, fn. 5;

accord *Reimel v. Alcoholic Beverage Control Appeals Bd.* (1967) 254 Cal.App.2d 340.) Thus, although we are not bound by the Appeals Board's decisions, we take judicial notice of the cited decisions and consider their reasoning for persuasive value.

Regarding agency decisions, the California Supreme Court has noted that "[w]here the meaning and legal effect of a statute is the issue, an agency's interpretation is one among several tools available to the court. Depending on the context, it may be helpful, enlightening, even convincing. It may sometimes be of little worth. [Citation.] Considered alone and apart from the context and circumstances that produce them, agency interpretations are not binding or necessarily even authoritative." (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 7-8.) Based on our review, we conclude the Appeals Board's cited decisions vary in their persuasiveness and fidelity to Rule 141.

In *7-Eleven*, *supra,* AB-9403, the Appeals Board affirmed the suspension of an off-sale license based on sale to a minor decoy after the store clerk looked at the minor decoy's identification and stated, "oh, you are so young." (*7-Eleven*, at pp. 2, 14.) In affirming the suspension, the Appeals Board concluded the minor decoy was not required to respond because the store clerk did not ask a question or indicate a mistake as to the minor decoy's age. The Appeals Board reasoned that "[t]he wor[d] 'young' is a subjective term, and gives no indication that the clerk has made a miscalculation and as a result believes the decoy to be over 21" years of age. (*Id.* at p. 12.) Under the reasoning of *7-Eleven*, the Appeals Board should have affirmed the license suspension in this case as well. Here, the administrative law judge found the store clerk did not ask a question of the minor decoy. And the store clerk did not clearly demonstrate confusion as to the minor's age in the statement, "I would never have guessed it, you must get asked a lot." The minor decoy testified he thought the statement might mean either that "she thought I was older *or thought that I do it a lot . . . .*" Because the store clerk in this case made a

13

statement akin to that in *7-Eleven*, the reasoning employed in *7-Eleven* should have led the Appeals Board to affirm the Department's decision.

We reject the reasoning contained in the remainder of the Appeals Board's earlier decisions because the reasoning in each would require minor decoys to speak up to clarify any mistake about their ages even in the absence of a question. (*Equilon,* at p. 2 [concluding Rule 141 "was violated when the decoy failed to respond to a statement by the clerk which implied that she was 21 years of age or older"], *Lucky*, at p. 4 [same where minor decoy did not respond to mistaken statement, "1978. You are 21"], and *Southland*, at pp. 6, 7 [same where decoy did not respond to statement, "You are 21"]. In each of these decisions, the Appeals Board relied on the notion of fairness to craft a new requirement for Rule 141, namely the obligation of a minor decoy to respond to any indication of mistake regarding age even in the absence of a question. Rule 141, however, expressly requires minor decoys only to answer questions relating to their ages. (Rule 141(b)(4).) The Appeals Board lacks the power to add a new defense to Rule 141.

The Appeals Board's decision in *Thrifty, supra,* AB-7050 involved a reversal of the Board's decision based on the minor decoy's silent tendering of a driver license rather than answering the clerk's question about her age. (See *Thrifty*, at p. 6 [speculating about the minor decoy's motivation in offering her identification rather than answering about her age].) Unlike this case, *Thrifty* involved an actual question by the clerk about the minor decoy's age and is therefore inapposite in this case where the administrative law judge determined the clerk did not ask any questions. (*Id.* at pp. 5-6.) Consequently, we need not consider whether *Thrifty* was correctly decided in harmony with Rule 141.

Ultimately, we are not persuaded by the Appeals Board's prior decisions that Rule 141 is ambiguous in requiring decoys to answer truthfully only questions relating to their ages.

14

Next, the Appeals Board argues the principle of fairness upon which Rule 141 is founded imposes an affirmative duty on minor decoys to speak up in order to clarify any mistake regarding age articulated by the vendor. If the Department had wanted to provide license holders with a defense for mistakes about a minor decoy's age or based on a minor decoy's failure to respond to a statement by the clerk, the Department could have done so by including express language to that effect in Rule 141. However, as we explained above, the language of Rule 141 requires minor decoys to respond only to questions about their ages. We reject the Appeals Board's attempt to add a new defense to Rule 141 that is not expressed in the rule. (*Acapulco Restaurants*, *supra*, 67 Cal.App.4th at p. 580.)

*Acapulco Restaurants* involved a minor decoy operation in which the Department did not comply with Rule 141's requirement the minor decoy make a face-to-face identification of the clerk who sold the alcoholic beverage. (67 Cal.App.4th at p. 577; see also Rule 141(b)(5).) Despite the failure to follow this express requirement of Rule 141, the Department imposed and the Appeals Board affirmed a 15-day license suspension on grounds a law enforcement officer witnessed the entire transaction. (*Acapulco Restaurants,* at p. 577.) However, the *Acapulco Restaurants* court reversed, explaining, "[t]o ignore a rule and the defense that arises from law enforcement's failure to comply with that rule is not a matter of 'interpretation.' What the Department has done is to unilaterally decide that rule 141[](b)(5) applies in some situations but not others, a decision that exceeds the Department's power. By its refusal to apply rule 141[](b)(5) when a police officer is present at the time of the sale, the Department has crossed the line separating the interpretation of a word or phrase on one side to the legislation of a different rule on the other, thereby substituting its judgment for that of the rulemaking authority. It might as well have said that rule 141[](b)(5) applies

15

on Mondays but not Thursdays." (*Acapulco Restaurants*, *supra*, 67 Cal.App.4th at p. 580.)

The result in *Acapulco Restaurants* followed the well-established rule that " '[a]n exception to a statute is to be narrowly construed. (Citation.) When a statute specifies an exception, no others may be added under the guise of judicial construction. (Citations.)' " (*Kirby v. Alcoholic Beverage Control Appeals Bd*. (1968) 267 Cal.App.2d 895, 898, quoting *Lacabanne Properties, Inc. v. Department of Alcoholic Beverage Control* (1968) 261 Cal.App.2d 181, 189.) Fairness does not require the new exception to be judicially grafted into Rule 141 to provide additional defenses that require a minor decoy to speak up in the absence of a question by the store clerk. As the California Supreme Court has noted, "licensees have a ready means of protecting themselves from liability by simply asking any purchasers who could possibly be minors to produce bona fide evidence of their age and identity." (*Provigo*, *supra*, 7 Cal.4th at p. 570.)

Likewise, we reject the argument made by CVS that the minor decoy's silence in response the clerk's statement about his youthful appearance was "deceptive and misleading." As this court has previously noted in a case involving a claim a governmental agency engaged in fraudulent concealment, "Courts uniformly distinguish between the misleading half-truth, or partial disclosure, and the case in which defendant says nothing at all. The general rule is that silence alone is not actionable." (*Wiechmann Engineers v. State of California ex rel. Dept. Pub. Wks.* (1973) 31 Cal.App.3d 741, 751.)

Here, the minor decoy did not say anything untrue. To the contrary, the minor decoy presented accurate information in the form of his driver license. Thus, the minor decoy did not engage in deceptive and misleading communication with the clerk. Notably, the California Supreme Court has rejected a claim the use of a "mature-looking" decoy constitutes an unfair practice by the Department in a case in which a minor decoy

16

"simply bought beer and wine, *without attempting to pressure or encourage the sales in any way*." (*Provigo*, *supra*, 7 Cal.4th at p. 569, italics added.) The same reason applies here. The minor decoy's silence in this case did not involve any attempt to pressure or encourage the sale of an alcoholic beverage to him. The minor decoy's silence did not render the Department's operation unfair.

CVS's argument its clerk was deceived and misled by the minor decoy in this case is based on the same premise as that advanced by the Appeals Board, namely a minor decoy has a duty to speak up in response to a statement indicating a mistaken calculation of age. However, as we have explained, Rule 141 does not supply a defense based on a minor decoy's failure to respond to statements made by the clerk. Consequently, we conclude the Department properly rejected CVS's argument the minor decoy's silence rendered the operation unfair under Rule 141.

## C.

### *Substantial Evidence Supports the Department's Decision*

As part of its argument Rule 141 is ambiguous, the Appeals Board asserts the minor decoy's testimony during the hearing was equally uncertain. Specifically, the Appeals Board asserts that "[t]he decoy's testimony is as ambiguous as [Rule 141], and certainly does not support the conclusion, reached by the Department, that the clerk's words were '[i]ndisputably a statement' falling outside the Rule." In light of the administrative law judge's factual finding, we disagree.

Viewed in the light most favorable to the Department's decision, we conclude substantial evidence supports the administrative law judge's decision. As the administrative law judge found, the minor decoy's testimony was clear and credible. The administrative law judge also expressly found the testimony established the store clerk's communication to the minor decoy was a statement and not a question. Under section 23090.2, the Appeals Board lacks power to disregard the Department's factual findings,

17

which includes findings made by the administrative law judge. (*Hasselbach v. Department of Alcoholic Beverage Control* (1959) 167 Cal.App.2d 662, 667 ["The statement made in the opinion of the appeals board was not a finding of fact for that board is without power to make findings of fact"].) Accordingly, we reject the Appeals Board's argument the store clerk's statement might have been a question instead of a statement.

## DISPOSITION

The decision of the Alcohol Beverage Control Appeals Board is annulled. The decision of the Department of Alcoholic Beverage Control is reinstated and the case is remanded to the Alcohol Beverage Control Appeals Board for further proceedings consistent with this opinion.

                                       _____/s/_____
                                         HOCH, J.

We concur:

_____/s/_____
BLEASE, Acting P.J.

_____/s/_____
RENNER, J.

18