Filed 11/17/17: pub. order 12/15/17 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

| | |
|---|---|
| DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, | C083619 |
| Petitioner, | (Alcoholic Beverage Control Appeals Board No. AB9569) |
| v. | |
| ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, | |
| Respondent; | |
| GARFIELD BEACH CVS, LLC, et al., | |
| Real Parties in Interest. | |

A CVS clerk sold a can of Coors Light to a minor decoy working for the Department of Alcoholic Beverage Control (the Department). The sole issue in these writ proceedings is whether the minor made a face-to-face identification of the seller as required by California Code of Regulations, title 4, section 141 (hereafter Rule 141), subdivision (b)(5). The Department suspended Garfield Beach CVS, LLC and Longs Drug Stores California, LLC doing business as CVS Pharmacy Store 9376 (CVS)'s

1

liquor license for 10 days, but CVS appealed and the Alcoholic Beverage Control Appeals Board (the Appeals Board) reversed, finding that an in-store identification of the clerk to the peace officer from about 10 feet away did not constitute a face-to-face identification. We disagree and annul the decision of the Appeals Board.

## FACTS

On May 2, 2015, 18-year-old Christian entered a CVS store in South Lake Tahoe, selected a large can of beer, and took it to a clerk at a cash register. The clerk asked him to provide his date of birth, but did not ask for identification. He answered honestly and told the clerk he was born on November 27, 1996. Christian purchased the beer and then reported to the peace officer who was waiting for his decoy outside of the store.

The peace officer accompanied Christian back inside the store and asked him to identify the clerk. Christian identified the clerk standing behind the counter when he was about 10 feet away from her. He believed the clerk was either helping a customer or just finishing helping a customer. He did not speak to her.

The peace officer informed the clerk she had sold alcohol to a minor. Christian was standing next to the peace officer at the time. According to Christian, she kind of "freaked out" and apologized. The peace officer took Christian's picture with the clerk, beer in Christian's hand. There was no evidence Christian misidentified the clerk and she never claimed she did not sell alcohol to the minor decoy. She did not testify.

The Department charged CVS with selling an alcoholic beverage to a minor, a violation of section 25658, subdivision (a) of the Business and Professions Code. Following an evidentiary hearing the administrative law judge (ALJ) found the Department had complied with Rule 141, subdivision (b)(5)'s face-to-face identification requirement because the decoy initially pointed out the seller when he was standing approximately 10 feet away from her. The Appeals Board reversed the ALJ's finding. The Department petitions for a writ of review, contending the Appeals Board acted in excess of its jurisdiction and misinterpreted Rule 141, subdivision (b)(5).

2

## DISCUSSION

### I

The administration of the Alcoholic Beverage Control Act is initially vested with the Department, although its decisions are subject to administrative review by the Appeals Board, and the Appeals Board decisions are subject to judicial review. (Bus. & Prof. Code, § 23090; *Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 1094, 1099; *Walsh v. Kirby* (1974) 13 Cal.3d 95, 102.) The scope of judicial review is the same as the scope of the Appeals Board review. We must determine whether the Department has proceeded without or in excess of its jurisdiction, whether the Department has proceeded in the manner required by law, whether the decision is supported by the findings, whether the findings are supported by substantial evidence in light of the whole record, and whether there is relevant evidence, which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the Department. (Cal. Const., art. XX, § 22; Bus. & Prof. Code, § 23084; *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1071-1072 (*Deleuze*).)

The scope of review is narrow. (*Deleuze, supra*, 100 Cal.App.4th at p. 1071.) " 'In considering the sufficiency of the evidence issue[,] the court is governed by the substantial evidence rule . . ; any conflict in the evidence is resolved in favor of the decision; and every reasonably deducible inference in support thereof will be indulged.' " (*Kirby v. Alcoholic Beverage Control Appeals Bd.* (1968) 261 Cal.App.2d 119, 122.) We may not reweigh the evidence or the credibility of the witnesses. (*Mundell v. Dept. Alcoholic Bev. Control* (1962) 211 Cal.App.2d 231, 233.) In short, the Department's decisions are "subject to review only for insufficiency of the evidence, excess of jurisdiction, errors of law, or abuse of discretion." (*Deleuze, supra*, 100 Cal.App.4th at p. 1072.)

## II

Business and Professions Code section 25658, subdivision (f) provides:  "Persons under 21 years of age may be used by peace officers in the enforcement of this section to apprehend licensees, or employees or agents of licensees, or other persons who sell or furnish alcoholic beverages to minors."  The same section directs the Department to promulgate guidelines for the use of minor decoys.  Pursuant to this directive, the Department promulgated Rule 141.  (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2017) 7 Cal.App.5th 628, 635 (*Garfield Beach CVS, LLC*).)

Rule 141, subdivision (b)(5) states:  "Following any completed sale, but not later than the time a citation, if any, is issued, the peace officer directing the decoy shall make a reasonable attempt to enter the licensed premises and have the minor decoy who purchased alcoholic beverages make a face to face identification of the alleged seller of the alcoholic beverages."  The California Supreme Court has upheld the use of minors as decoys in enforcing the constitutional prohibition of the sale of alcohol to minors.  (Cal. Const., art. XX, § 22; *Provigo Corp. v. Alcoholic Beverage Control Appeals Bd.* (1994) 7 Cal.4th 561, 567.)

The Department contends the Appeals Board abused its discretion by disregarding the plain meaning of the text of Rule 141, subdivision (b)(5) and reading into it physical parameters and specificity in the identification that is not found in the language of the rule.  CVS, on the other hand, defends the Appeals Board's decision finding there was no face-to-face identification based on the seminal case, *Acapulco Restaurants, Inc. v. Alcoholic Beverage Control Appeals Bd.* (1998) 67 Cal.App.4th 575, 579 (*Acapulco*).  CVS insists the Department's petition reveals an utter disinterest in adhering to the express language of Rule 141 and the unequivocal mandate of *Acapulco*.  CVS is mistaken.  *Acapulco* does not support its position.

4

CVS attempts to divorce the facts of *Acapulco* from the harsh language it extracts from the holding. But the facts, of course, are determinative. First and foremost, CVS ignores the dispositive fact that in *Acapulco* the decoy minor did not identify the clerk who sold him the beer. (*Acapulco, supra*, 67 Cal.App.4th at p. 579.) The question was not, as it is here, whether the identification was face-to-face because there was no identification at all. Instead, the police officer sat in a booth near the bar where the minor decoy ordered, and was served, alcohol. (*Id*. at pp. 577-578.) The police officer observed the sale and went up to the bar and told the bartender she had sold beer to a minor. (*Ibid*.) The minor, however, did not identify the bartender who sold him the alcohol. (*Ibid*.)

Thus, on these facts, the court stated, "Since it is undisputed that the required face-to-face identification by the decoy was not made in this case, it follows ineluctably that Acapulco's defense was established as a matter of law. As Acapulco puts it, when a rule requires certain affirmative acts by law enforcement, law enforcement must comply." (*Acapulco, supra*, 67 Cal.App.4th at p. 579.) The court rejected the Appeal Board's "common-sense interpretation" of Rule 141, which would require ignoring the plain language of the rule. (*Acapulco*, at p. 579.) To the contrary, "The Department's increasing reliance on decoys demands strict adherence to the rules adopted for the protection of the licensees, the public and the decoys themselves." (*Id*. at p. 581.) Thus the court held "that rule 141, subdivision (b)(5) means what it says." (*Acapulco*, at p. 581.) Because it was undisputed there was no face-to-face identification and that Rule 141, subdivision (b)(5) provides a defense when there is a failure to comply, Acapulco's suspension could not stand. (*Acapulco*, at p. 582.)

CVS, ostensibly applying *Acapulco*, insists that the rule "means what it says" and it plainly says the minor decoy must make a face-to-face identification of the person who sells the minor the alcohol. We do not disagree with the holding in *Acapulco*, based, as it is, on the dispositive and indisputable fact that the minor decoy did not identify the seller

as plainly required by Rule 141.  Our disagreement is not with *Acapulco*, but with CVS's application of the case to the facts presented here.  Indeed, the court in *Acapulco* acknowledged the limited scope of its holding.  The court explicitly stated, "The concession in this case that no attempt was made to comply with rule 141, subdivision (b)(5), makes it unnecessary to decide what would constitute a sufficient effort to reenter or what would constitute a face-to-face identification by the decoy."  (*Acapulco, supra*, 67 Cal.App.4th, at p. 582, fn. 8.)

Of far more help is *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2003) 109 Cal.App.4th 1687, 1695 (*7-Eleven*).  In *7-Eleven*, the court confronted the issue not addressed in *Acapulco*—what constitutes the face-to-face identification required by Rule 141, subdivision (b)(5).  A police officer was aware of the face-to-face requirement and intended to comply with it.  Thus, after the minor decoy purchased a six-pack of beer, the police officer, who had witnessed the sale, told the clerk he had sold beer to a minor.  In order not to disrupt the operation of the store, the police officer asked the clerk to step outside where the decoy made the identification from approximately five feet away.  (*7-Eleven,* at pp. 1689-1690.)

Citing *Acapulco*, "the Appeals Board held the requirements of [Rule] 141, subdivision (b)(5), must be strictly followed and, citing [Rule] 141, subdivision (c), a failure by the officer to reenter the premises with the decoy to conduct the face-to-face identification was a complete defense to the accusation."  (*7-Eleven, supra*, 109 Cal.App.4th at p. 1690, fn. omitted.)  The Court of Appeal disagreed.  "[Rule] 141, subdivision (b)(5), ensures—admittedly not as artfully as it might—that the seller will be given the opportunity, soon after the sale, to come 'face-to-face' with the decoy.  For reasons left to the sound discretion of the peace officer alone, or in conjunction with the business owner, [Rule] 141, subdivision (b)(5), does not require the identification be done on the premises where the sale occurred.  The officer in this case complied with the

face-to-face confrontation requirements of [Rule] 141, subdivision (b)(5)." (*7-Eleven*, at p. 1698.)

Similarly, Rule 141, subdivision (b)(5) does not require the identification to be done within a certain distance. Simply put, face-to-face is not defined in the rule. In *7-Eleven*, the distance, albeit outside rather than inside the store, was five feet. Here, the identification was made within the store but the distance between the minor decoy when he made the identification and the clerk was approximately 10 feet. The Department made a factual finding that the identification constituted a face-to-face identification. We conclude there is substantial evidence to support the factual finding. Moreover, we find nothing in the language of the statute to preclude the Department's finding as a matter of law and everything about the identification that is consistent with the purpose of a face-to face identification.

At oral argument, CVS conceded that a face-to-face identification could be made from a distance of 10 feet. Distance, CVS argues, is not the defect here. Rather it is the fact that the decoy made the identification to the officer, not to the clerk, and therefore she was not aware she was being identified at the exact time the decoy identified her. In CVS's view, it was not until the clerk and decoy were brought together at the front of the store that she became aware she had been identified. CVS insists the gap in time, not distance, violates Rule 141, subdivision (b)(5) and the strict compliance with the face-to-face identification requirement as compelled by *Acapulco*. We disagree.

Here there is no violation of Rule 141, as explained above, because the decoy made a face-to-face identification by pointing out the clerk to the officer inside the store while approximately 10 feet from her, standing next to her when the officer informed her she had sold alcohol to a minor, and taking a photograph with her as the minor held the can of beer he purchased from her. She had ample opportunity to observe the minor and to object to any perceived misidentification. The rule requires identification, not confrontation. The identification here meets the letter and the spirit of Rule 141.

7

"The core rationale for the creation of binding sections concerning the conduct of buy operations was to allow such buys in a manner fair to sellers." (*7-Eleven, supra*, 109 Cal.App.4th at p. 1698.) There is nothing in the record to suggest the identification was unfair. The minor decoy made the identification in the clerk's presence. He then accompanied the officer who informed the clerk she had just sold beer to the minor who was standing right next to the officer. The clerk did not deny the sale or dispute the identification. To the contrary, she said she was sorry and kind of, as the minor decoy described it, "freaked out." She had ample opportunity to raise an objection or to dispute the identification or the sale. She did neither. And then she stood next to the minor decoy while the decoy was holding the beer, and they were photographed together. Thus, by all accounts, the identification was fair.

It is true that *Acapulco* demands strict compliance with the requirements of the rule, even if the identification is otherwise fair. The Department found, and we agree, that the identification strictly complied with Rule 141, subdivision (b)(5) because, under the totality of the circumstances, the minor decoy made a face-to-face identification of the clerk who sold him the beer. In the absence of a more descriptive definition of face-to-face, we conclude that the identification made in her physical presence followed by a confirming implied identification at even closer range satisfied the rule. There is simply no language in the rule and no facts in the actual identification that dictate a contrary result.

CVS points us to a nonbinding, but in its view, helpful decision by the Appeals Board in *Chun v. Department of Alcoholic Beverage Control* (Dec. 29, 1999) AB-7287. We need not concern ourselves with the fact we are not bound by Appeals Board decisions (*Garfield Beach CVS, LLC, supra*, 7 Cal.App.5th at p. 639), because we find *Chun* factually inapposite. The minor decoy never approached the clerk at all and was outside while the officers "went into the store and did their thing." (*Chun*, at p. 5.)

The Appeals Board made the imminently reasonable observation that to comply with Rule 141, subdivision (b)(5) the clerk and the decoy must be in reasonable proximity to each other to assure that the seller knows or reasonably ought to know that he or she is being identified as the seller by the decoy. We agree with the Department that is precisely what occurred in this case.

The clerk and the minor decoy were in reasonable proximity when the decoy made his identification. CVS insists that we must divorce the precise moment of the identification from the entire identification procedure, which included not only the moment when Christian pointed out the clerk to the police, but the follow-up when he accompanied the police officer to the counter, the officer informed the clerk she had sold beer to the minor at his side, and the two of them were photographed together. The clerk in these circumstances certainly knew or reasonably ought to have known that she was being identified. Every aspect of the identification was done face-to-face and the Appeals Board erred in finding to the contrary.

## DISPOSITION

The decision of the Appeals Board is annulled. The matter is remanded to the Appeals Board for further proceedings consistent with this opinion reinstating the license suspension.

                                                      RAYE , P.J.

We concur:

MAURO , J.

RENNER , J.

9

Filed 12/15/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

| | |
|---|---|
| DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL,<br><br>        Petitioner,<br><br>   v.<br><br>ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD,<br><br>        Respondent;<br><br>GARFIELD BEACH CVS, LLC, et al.,<br><br>        Real Parties in Interest. | C083619<br><br>(Alcoholic Beverage Control Appeals Board No. AB9569)<br><br><br>ORDER CERTIFYING OPINION FOR PUBLICATION<br><br>NO CHANGE IN JUDGMENT |

ORIGINAL PROCEEDING; Petition for writ of review.  Annulled and remanded with directions.

Kamala D. Harris and Xavier Becerra, Attorneys General, Chris A. Knudsen, Senior Assistant Attorney General, David J. Neill and Lykisha D. Beasley, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Solomon, Saltsman & Jamieson, Stephen Warren Solomon, Ralph Barat Saltsman and Jennifer L. Oden, for Real Parties in Interest.

10

THE COURT:

The opinion in the above-entitled matter filed on November 17, 2017, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:

            RAYE           , P. J.


            MAURO          , J.


            RENNER         , J.

11