Filed 12/19/18 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL,<br><br>Petitioner,<br><br>v.<br><br>ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD,<br><br>Respondent;<br><br>KAJLA PETROLEUM, INC.,<br><br>Real Party in Interest. | C085199<br><br>(Alcoholic Beverage Control Appeals Board No. AB-9590)<br><br><br>MODIFICATION OF OPINION AND DENIAL OF PETITION FOR REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on November 26, 2018, be modified as follows:

1. On page 11 in the last paragraph of Part II, remove the language "and the Department's failure to seek review of and its certification of previous decisions sharing Kajla's interpretation of the same or similar language"

The paragraph shall now read:

Based on the language of the single beverage condition, when read in context with the other 14 conditions and the need for clarity in a license condition, we conclude Kajla did not violate the single beverage condition as the Department accused. The Department exceeded its jurisdiction in finding a violation of condition three.

As modified, the petition for rehearing is denied. This modification does not change the judgment.

FOR THE COURT:


_____/s/_____
Hull, Acting P. J.


_____/s/_____
Murray, J.


_____/s/_____
Duarte, J.

2

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, | C085199 |
| Petitioner, | (Alcoholic Beverage Control Appeals Board No. AB-9590) |
| v. | |
| ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, | |
| Respondent; | |
| KAJLA PETROLEUM, INC., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING:  Petition for writ of review.  Petition is annulled and the decision of the Department is reinstated.

Xavier Becerra, Attorney General, Chris A. Knudsen, Senior Assistant Attorney General, Susan E. Slager and David J. Neill, Supervising Deputy Attorneys General, and Catherine E. Flores, Deputy Attorney General for Petitioner.

No appearance for Respondent.

Solomon, Saltsman & Jamieson and Ralph Barat Saltsman, Stephen Warren Solomon and Donna J. Hooper for Real Party in Interest.


The Department of Alcoholic Beverage Control (the Department) petitioned for a writ of review to annul the decision of the Alcoholic Beverage Control Appeals Board (the Appeals Board) and reinstate the Department's decision sustaining four accusations against licensee Kajla Petroleum, Inc. and suspending Kajla's license to sell alcoholic beverages. The Department asserts that Kajla violated two conditions of its license relating to prohibitions on the sale of single beer or malt beverages and exterior advertising of alcoholic beverages. The Department contends the Appeals Board improperly substituted its own interpretation of one of the conditions (condition three, the single beverage condition) and relied on decisions of the Appeals Board that were not precedential and that misinterpreted that condition. It further contends the other condition at issue here (condition two, the advertising ban) was reasonable and argues that a disciplinary hearing is not the proper venue for challenging the reasonableness of a license condition in any event.

We agree with the Department only as to the impropriety of the reasonableness challenge. We annul the decision of the Appeals Board and reinstate the decision of the Department as to the violation of the license condition pertaining to the advertising ban.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2010 Kajla applied for an alcoholic beverage license, a person to person transfer from the previous owner of a gas station and food mart at 9701 Jackson Road in Sacramento. The Department granted a conditional license.

Of the 15 conditions on the license, two are issue here. Condition two (the advertising ban) provides: "There shall be no exterior advertising of any kind or type,

2

including advertising directed at the exterior from within, promoting or indicating the availability of alcoholic beverages." Condition three (the single beverage condition) states: "Beer and/or malt beverages shall be sold in original factory packages of a six-pack or greater, except malt based coolers. At no time, shall a single unit be sold individually, or in conjunction with another brand/size container of beer and/or malt beverage to constitute a six-pack or larger quantity."

On three separate days in February 2015, an Alcoholic Beverage Control (ABC) agent purchased a single beer or malt beverage from Kajla's store: a 24-ounce can of beer, a 40-ounce bottle of malt beverage, and a 25-ounce can of beer. On the day of the third purchase, the agent observed on the window to the right of the front door a sign advertising 18-pack cans or bottles of Budweiser, Coors Light, and Tecate beer for $13.99 plus tax and CRV.

In April 2015 the Department filed an accusation against Kajla. The first three counts were for violating the single beverage condition. The fourth count was for violating the advertising ban.

A hearing was held before an administrative law judge (ALJ). At the hearing, Kajla first noted an Appeals Board decision, *Chevron Stations v. Department of Alcoholic Beverage Control* (July 31, 2013) No. AB-9326, in which the Appeals Board held a condition identical to the single beverage condition did not apply to large beers and malt beverages such as those sold here.[1] Another decision, certified by the Department,

---

[1] We grant the Department's request that this court take judicial notice of four Appeals Board decisions that were relied on or discussed in the administrative proceedings. We may take judicial notice of decisions of the Appeals Board. (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Board* (2017) 7 Cal.App.5th 628, 639 (*Garfield Beach*).) The Department also requests judicial notice of the bill analysis of Assembly Bill No. 2893 (2007-2008 Reg. Sess.). We deny this request as the bill analysis is unnecessary to our resolution of this appeal. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

3

adopted the reasoning of *Chevron Stations.* The Department argued the language of the condition was clear and easy to understand; the Appeals Board "got it wrong" in those cases. Kajla stipulated to the truth of the factual allegations in the accusation, the sales of single beverages and the sign. The ABC agent testified the three beverages he purchased are generally sold as individual units or three-packs for the 24-ounce containers. As relevant here, they were not originally sold in six-packs or greater.

In addition to arguing about the proper interpretation of the single beverage condition, Kajla also argued that both conditions at issue were unreasonable, relying on the Appeals Board decision *Dirty Bird Lounge v. Department of Alcoholic Beverage Control* (Aug. 1, 2014) No. AB-9401 (*Dirty Bird Lounge*). The ALJ questioned whether Kajla's position was that the conditions were unreasonable because they were too vague to be understood, as in *Dirty Bird Lounge*, or whether they were unreasonable and never should have been imposed in the first place. The ALJ found the argument that the conditions were unreasonable and thus originally imposed in error was beyond the scope of the hearing. When it became clear that Kajla was arguing the conditions were too unreasonable to have been properly imposed and offered a retired assistant director of the Department to establish their unreasonableness, the ALJ sustained the Department's objections to questions designed to elicit information purporting to show the unreasonableness of the conditions.

The ALJ issued a proposed decision, finding cause did *not* exist for suspension or revocation of the Kajla's license under counts one, two, or three (the counts based on the single beverage condition), but cause did exist for count four (the count based on the advertising ban). The ALJ relied on the Appeals Board's decision *Chevron Stations,* in which the Appeals Board determined the single beverage condition did not affect the sale of individual containers of beer or malt beverages that were originally sold (by the factory) as individual containers. Rather, that condition only restricted the resale of beverages originating in six-packs. The ALJ dismissed counts one through three and

4

sustained count four.  Punishment was a 10-day suspension, with execution of five days stayed for one year provided there was no cause for discipline during that year.

The Department did not adopt the ALJ's proposed decision and issued its own decision.  The Department found cause for suspension or revocation of the license under all four counts of the accusation.  It explained that its interpretation of the statutes and regulations it enforced was entitled to deference and the same principle applied to a condition unless it was clearly erroneous.  In *Chevron Stations*, the Appeals Board found two plausible interpretations of the single beverage condition and merely decided its interpretation was better.  Thus the Department posited that its interpretation--that the single beverage condition applied to Kajla's sales of single beverages--was not clearly erroneous and under that interpretation Kajla had violated the condition.  The Department imposed a 15-day suspension for counts one through three, with execution of five days stayed for one year.  It imposed a concurrent 10-day suspension for count four, again with five days stayed for one year.

Kajla appealed to the Appeals Board.

The Appeals Board reversed all four counts.  It analogized a liquor license to a contract and noted that in contract law, an ambiguity in a form contract was construed against the drafter.  The Appeals Board relied on its previous decisions that found the single beverage condition was ambiguous and applicable only to beverages originally sold in six-packs.  It noted examples of other conditions in use, where it was clear that single sales were prohibited, such as conditions providing *all* beverages under a quart must be sold in six-packs.  In interpreting the condition, the Appeals Board found the first sentence was container-specific, so it read the second sentence as also container-specific.

Following the decision in *Dirty Bird Lounge*, the Appeals Board found both disputed conditions were unreasonable as a matter of law.  The conditions failed to cite sufficient grounds for their imposition to inform the licensee of the problems they were designed to mitigate.  The Appeals Board found that such a nexus was required.

5

The Department petitioned for a writ of review, which we granted.

## DISCUSSION

### I

### *Background Law and Standard of Review*

Pursuant to the California Constitution, the sale of alcoholic beverages in California requires a license. (Cal. Const. art. XX, § 22, par. (1).) The Department has exclusive authority to license the sale of alcoholic beverages. (*Id*., par. (5).)

A license to sell alcoholic beverages may, with approval of the Department, be transferred to another person. (Bus. & Prof. Code, § 24070.)[2] The Department may impose reasonable conditions on the license upon transfer. (§ 23800, subd. (f).) Conditions "may cover any matter relating to the privileges to be exercised under the license, the personal qualifications of the licensee, the conduct of the business or the condition of the premises, which will protect the public welfare and morals." (§ 23801.) The Department, upon its own motion or upon petition of a licensee or a transferee, may remove or modify conditions on a license, "if it is satisfied that the grounds which caused the imposition of the conditions no longer exist," "provided written notice is given to the local governing body of the area in which the premises are located." (§ 23803.)

The Department has discretionary power to deny, revoke, or suspend a license "if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals." (Cal. Const., art XX, § 22, par. (5).) A violation of a condition of the license is grounds for suspension or revocation of the license. (§ 23804.) Absent an abuse of discretion, courts will uphold the Department's decision to suspend a license. (*Provigo Corp. v. Alcoholic Beverage Control Appeals Bd.* (1994) 7 Cal.4th 561, 566.)

---

[2] Further undesignated statutory references are to the Business and Professions Code.

Any party aggrieved by a decision of the Department may file an appeal with the Appeals Board. (Cal. Const., art. XX ,§ 22, par. (11); § 23081.) After the Appeals Board has issued a final order, the Department's decision is also subject to judicial review in the Supreme Court or the Court of Appeal. (§ 23090.2.)

The scope of review by the Appeals Board and the courts is a narrow one. (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1071.) Both the Appeals Board and the courts review the Department's decision to determine whether "the department has proceeded without, or in excess of, its jurisdiction," "the department has proceeded in the manner required by law," the decision "is supported by the findings," the findings "are supported by substantial evidence in the light of the whole record," and "there is relevant evidence, which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the department." (§§ 23084, 23090.2.)

"In conducting our review, '[w]e defer to the Department's interpretation of its own rules, " 'since the agency is likely to be intimately familiar with regulations it authored and sensitive to the practical implications of one interpretation over another.' " [Citation.] Courts generally will not depart from the Department's contemporaneous construction of a rule enforced by the Department unless such interpretation is clearly erroneous or unauthorized. [Citation.]' [Citation.] In short, the Department's decisions are 'subject to review only for insufficiency of the evidence, excess of jurisdiction, errors of law, or abuse of discretion.' [Citation.]" (*Garfield Beach, supra,* 7 Cal.App.5th at p. 634.)

## II

### *Single Beverage Condition*

The first issue presented here is whether the single beverage condition applies to beer or malt beverages that are packaged by the manufacturer to be sold as single units and not as part of a six-pack. The condition reads: "Beer and/or malt beverages shall be

sold in original factory packages of a six-pack or greater, except malt based coolers. At no time, shall a single unit be sold individually, or in conjunction with another brand/size container of beer and/or malt beverage to constitute a six-pack or larger quantity."

In construing a contract or other written instrument, we consider it "as a whole and interpret the language in context, rather than interpret a provision in isolation. ([Civ. Code], § 1641.)" (*American Alternative Ins. Corp. v. Superior Court* (2006) 135 Cal.App.4th 1239, 1245.) There are three conditions within the license addressing the sale of specific alcoholic beverages. In addition to the single beverage condition addressing beer or malt beverages, conditions four and five address wine and wine coolers. Condition four states: "The sale of wine shall be in bottles or containers no smaller than 750 ml., except for wine based coolers." Condition five states: "Wine coolers, whether made with wine or malt products, shall not be sold in quantities of less than a factory four-pack."

It is a general rule of interpretation that where different words or phrases are used in one section than in other sections, it is presumed a different meaning is intended. (See *Romano v. Mercury Ins. Co*. (2005) 128 Cal.App.4th 1333, 1343 [describing rules of statutory construction].) Read together and in context with all the conditions in the license relating to specific alcoholic beverages, and mindful of the different wording used, it is apparent that the condition at issue here speaks only to beer or malt beverages originally packaged in quantities of six beverages or more. Unlike condition four, limiting the sale of wine to containers of 750 ml. or greater, and condition five, requiring wine coolers be sold in quantities no fewer than a four-pack, the single beverage condition does not limit the size of the container or number of containers per package. Instead, it prohibits breaking up or mixing original packages of six or more units sold together as a pack. It simply does not address beer or malt beverages that are not packaged in the factory as six-packs or greater.

The Department contends we should defer to its interpretation that the condition applies to *all* beer or malt beverages and limits sales to six-packs or greater. The Department relies on the general proposition that "We defer to the Department's interpretation of its own rules, ' "since the agency is likely to be intimately familiar with regulations it authored and sensitive to the practical implications of one interpretation over another." ' [Citation.] Courts generally will not depart from the Department's contemporaneous construction of a rule enforced by the Department unless such interpretation is clearly erroneous or unauthorized. [Citation.]" (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2005) 128 Cal.App.4th 1195, 1205.) The Department contends the deference owed to its interpretation of statutes and regulations that it enforces should apply to license conditions as well since it also enforces them.

While we may give deference to the Department's interpretation to the extent it involves areas of the Department's expertise, the Department's interpretation is not binding. "Because an interpretation is an agency's *legal opinion*, however 'expert,' rather than the exercise of a delegated legislative power to make law, it commands a commensurably lesser degree of judicial deference." (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 11.) "It is therefore solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence." (*Parsons v. Bristol Development Co*. (1965) 62 Cal.2d 861, 865.) No extrinsic evidence was offered here.

Kajla contends a license condition is analogous to a contract and any ambiguity in a form contract is construed against the drafter. (*Victoria v. Superior Court* (1985) 40 Cal.3d 734, 739.) While a liquor license is a privilege, not a property right or contract (*Yu v. Alcoholic Bev. etc. Appeals Bd.* (1992) 3 Cal.App.4th 286, 296), there is good reason to put the burden of clarity on the Department. The purpose of conditions on a

9

license is to inform the licensee what it may or may not do. The licensee must be able to discern what conduct is permitted and what conduct is prohibited.

We examine previous decisions of the Appeals Board and Department interpreting the same or similar conditions, as these prior interpretations are relevant to determining what a reasonable licensee would have understood the single beverage condition to mean. In *Hawamdeh v. Department of Alcoholic Beverage Control* (Jan. 3, 1996) No. AB-6518, the Appeals Board found a condition stating, "Malt beverages shall not be sold in units less than a six pack" did not apply to the sale of individual 22-ounce beers. In *Naemi v. Department of Alcoholic Beverage Control* (May 22, 1997) No. AB-6566, the Appeals Board found a condition that read, "No malt beverage shall be sold in less than six-pack quantities" did not apply to the sale of a single 22-ounce bottle of malt liquor. In *Chevron Station,* the Appeals Board determined that a condition identical to the single beverage condition here did not apply to the sale of individual 24-ounce cans of beer. Finally, in *Garfield Beach CVS v. Department of Alcoholic Beverage Control* (Dec. 1, 2014) File No: 21-477747 Reg. No: 14080725, the Department certified and thereby adopted a decision by an ALJ that found a condition reading, "The sale of beer and malt beverages shall be in quantities not less than one six pack" did not prohibit the sale of individual 25-ounce cans of beer.[3] Any licensee (or the licensee's counsel) researching prior decisions on this issue would reasonably conclude the single beverage condition did not prohibit the sale of single beers or malt beverages that were not *originally* packaged as six packs.

The Department argues that none of these decisions has precedential value, and in any event they illustrate that the Department consistently took the position that the single beverage condition applied to individual containers, regardless of their size. While we

---

[3] We take judicial notice of this decision. (Evid. Code, §§ 452, subd. (c); 459, subd. (a).)

10

agree that *was* the Department's original position, the Department did not seek review of the Appeals Board decisions that *rejected* that interpretation and, most recently, the Department certified an ALJ decision that rejected this position. While there are many reasons for declining to continue litigating an adverse ruling, the pattern of accepting adverse decisions without further protest would suggest to a licensee a lack of commitment by the Department to its position. As Kajla notes, as a result of the Department's failure to seek review of adverse Appeals Board decisions, some of its licensees are permitted to sell single beers or malt beverages despite operating under similar or more restrictive conditions than the single beverage condition at issue here.

Based on the language of the single beverage condition, when read in context with the other 14 conditions, the need for clarity in a license condition, and the Department's failure to seek review of and its certification of previous decisions sharing Kajla's interpretation of the same or similar language, we conclude Kajla did not violate the single beverage condition as the Department accused. The Department exceeded its jurisdiction in finding a violation of condition three.

### III

*Advertising Ban Condition*

The parties agree that condition two, the prohibition on exterior advertising of alcoholic beverages, is unambiguous and that Kajla displayed such advertising. Kajla contends the Department was prohibited from enforcing the advertising ban because it was not reasonable as required by section 23800. The Department contends the reasonableness of a condition cannot be challenged in a disciplinary hearing. We agree and therefore need not decide whether the condition is reasonable, as the Department also argues.

Kajla signed and accepted the conditions on the license. The preamble to the petition for a conditional license explains the justification for a conditional (rather than an unrestricted) license. It reads:

11

WHEREAS, petitioner(s) has/have filed an application for the issuance of the above-referenced-to license(s) for the above-mentioned premises;

WHEREAS, pursuant to Section 23958 of the Business and Professions Code, the Department may deny an application for a license where issuance would result in or add to an undue concentration of licenses; and,

WHEREAS, the proposed premises are located in Census Tract 0090.01 where there presently exists an undue concentration of licenses as defined by Section 23958.4 of the Business and Professions Code; and,

WHEREAS, the petitioner(s) stipulate(s) that by reason of the aforementioned over-concentration of licenses, grounds exist for denial of the applied-for license(s); and,

WHEREAS, the Sacramento County Board of Supervisors has determined, contingent upon certain conditions, that public convenience or necessity would be served by the issuance of the license to the applied-for-license pursuant to 23958.4 of the Business and Professions Code; and,

WHEREAS, the County of Sacramento has restricted the use and operation of the above-mentioned premises due to zoning regulations which apply to such use and operations; and,

WHEREAS, the issuance of an unrestricted license would be contrary to public welfare and morals.

Kajla contends this preamble fails to set forth an adequate basis for imposing both disputed conditions.[4] It notes problems with the purported justification for the conditions. According to Kajla, the census tract number is incorrect, there is no explanation of how undue concentration was determined, no copy of the determination of public convenience and necessity has been retained, and there is no other information about why the condition was imposed. Kajla further contends the Department failed to

---

[4] Because we have found there was no violation of the single beverage condition, we limit our discussion to the advertising ban.

make an adequate investigation during the license transfer process because it failed to inspect the premises and erred as to the census tract number.

The statutory scheme for liquor licensing provides a procedure for a licensee to petition for removal or modification of a license condition. Under section 23803 the Department, upon its own motion or upon petition by a licensee, may remove or modify a license condition "if it is satisfied that the grounds which caused the imposition of the conditions no longer exist," "provided written notice is given to the local governing body of the area in which the premises are located. The local governing body has 30 days to file written objections to the removal or modification of any condition. The department may not remove or modify any condition to which an objection has been filed without holding a hearing . . . ."

Kajla does not contend a restriction on exterior advertising is always invalid. Section 23801, subdivision (b) expressly permits a license condition allowing such a restriction. Nor does Kajla explain why it was unable to raise the appropriateness of the advertising ban at the time of the license transfer, or before it displayed the disputed sign. If this restriction had been timely disputed, the Department would have been able to give notice to the local governing body and hold a hearing if necessary, as required by section 23803.

By contending insufficient justification for the condition, Kajla is, in effect, challenging the Department's finding of an undue concentration of licenses. The license conditions were apparently transferred along with the license. Because files are purged after three years, no documentation relating to why the conditions were imposed, such as a determination of public convenience and necessity, has been retained. Kajla argues there is now no way to show that circumstances have changed to eliminate the need for the advertising ban.

Kajla relies on *Dirty Bird Lounge* for authority to challenge a license condition (such as the advertising ban at issue here) at a disciplinary hearing. In *Dirty Bird Lounge*,

13

the Department found the licensee violated a condition of its license that prohibited "amplified music" on the premises. (*Dirty Bird Lounge, supra*, No. AB-9401 at p. 2.) The preamble to the conditions justified the condition on the basis "that the Hayward Police Department has provided the Department with substantive evidence of an identifiable problem which exists at the premises or in its immediate vicinity." (*Id.* at p. 7.) The "identifiable problem" was not identified. The Appeals Board found the condition was not reasonable because the grounds for its imposition were "so vague as to permit the imposition of any condition" and there was a question as what constituted amplified music. (*Id.* at pp. 12, 13.) "Ultimately, appellant had no means by which to reliably determine either the meaning or the purpose of the condition. A violation was all but inevitable." (*Id.* at p. 13.)

*Dirty Bird Lounge* is distinguishable. Here, both the advertising ban and the reason for its imposition--an undue concentration of licenses--are clear and unambiguous. Kajla's argument is not that the condition and its basis are too vague to understand and comply with, but that the condition is unnecessary. This argument is factual not legal. It is appropriately handled under section 23803, after notice to the local governing body and a hearing if there is opposition to removing the condition. Where a licensee agrees to an unambiguous license condition imposed based on identified factual circumstances, the licensee cannot violate the condition and wait until disciplinary proceedings are instituted to claim there is an insufficient ground to justify the license condition. The licensee's remedy is to petition to remove or modify the license condition before it violates the condition.

## DISPOSITION

As to the violation of license condition two only, the decision of the Appeals Board is annulled and the decision of the Department is reinstated.  The parties shall bear their own costs of this writ proceeding.


                                                  /s/
                                            Duarte, J.


We concur:


    /s/
Hull, Acting P.J.


    /s/
Murray, J.